UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GOLDEN ENTERTAINMENT, INC.,<br><br>         Plaintiff,<br>v.<br><br>FACTORY MUTUAL INSURANCE COMPANY,<br><br>         Defendant. | Case No. 2:21-cv-00969-APG-EJY<br><br>**Order (1) Denying Motion to Dismiss, (2) Denying Motion to Certify Question, and (3) Granting, in Part, Motion to Stay**<br><br>[ECF Nos. 22, 40, 59] |

This is an insurance dispute arising from the Covid-19 pandemic. Golden Entertainment, Inc. made a claim on its insurance policy issued by Factory Mutual Insurance Company. Factory Mutual denied the claim, leading to this lawsuit. Factory Mutual moves to dismiss the lawsuit, arguing that Golden's claim is not a covered loss or damage under the policy, or it is otherwise excluded from coverage. ECF No. 22. Golden moves for a stay of this litigation while the Nevada state courts suss out the relevant legal issues under Nevada law in similar cases filed in state court. ECF No. 40. Golden also asks me to certify a question to the Supreme Court of Nevada. ECF No. 59.

Since Factory Mutual's motion to dismiss was filed, several state and federal courts have ruled upon insurance coverage issues related to this case, with varying results. The federal Ninth Circuit Court of Appeals is currently deciding a similar case. *Circus Circus LV, LP v. AIG Specialty Ins. Co.*, Case No. 21-15367 (9th Cir. argued Mar. 9, 2022). Based on comments at oral argument in that case, that court may also be considering whether to certify questions to the Supreme Court of Nevada. It makes sense to wait for a decision from that court before proceeding on identical (or nearly so) legal issues in this case. After that, Factory Mutual can

file a new motion to dismiss if grounds exist to do so.  The parties will then be in a better position to argue based on the most current caselaw.  And because the Ninth Circuit may certify relevant questions to the Supreme Court of Nevada, it is premature for me to certify Golden's proposed question.  Should the Ninth Circuit delay entering a decision in that case after certifying questions, the parties should confer and notify me whether those questions will have an impact on this case, and whether this case should remain stayed while the Supreme Court of Nevada considers the certification request.

I THEREFORE ORDER that defendant Factory Mutual Insurance Company's motion to dismiss **(ECF No. 22) is DENIED** without prejudice.

I FURTHER ORDER that plaintiff Golden Entertainment, Inc.'s motion to certify a question **(ECF No. 59) is DENIED** without prejudice.

I FURTHER ORDER that Golden's motion to stay **(ECF No. 40) is GRANTED in part**.  This case is stayed pending a decision by the Ninth Circuit in *Circus Circus LV, LP v. AIG Specialty Ins. Co.*, Case No. 21-15367 (9th Cir.).  The parties shall file a status report as stated above within 30 days of the Ninth Circuit either (1) entering a decision in that case, or (2) certifying questions to the Supreme Court of Nevada.

DATED THIS 30th day of March, 2022.

Andrew P. Gordon
UNITED STATES DISTRICT JUDGE