UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Golden Entertainment, Inc., | Case No. 2:21-cv-00969-CDS-EJY |
| Plaintiff | **Order Granting Plaintiff's Motion to Continue the Stay** |
| v. | |
| Factory Mutual Insurance Company, | [ECF No. 74] |
| Defendant | |

This insurance dispute arising from the COVID-19 pandemic has been stayed since March 30, 2022, pursuant to an order from this court. ECF No. 66. The original impetus for the stay came from anticipation of a potentially authoritative opinion from the Ninth Circuit in *Circus Circus LV, LP v. AIG Spec. Ins. Co.*, 2022 WL 1125663 (9th Cir. Apr. 15, 2022). That case was resolved by way of an unpublished memorandum decision that declined to certify the questions of contractual interpretation relevant to the instant action. *Circus Circus*, 2022 WL 1125663, at *2 n.1. It instead presumed that Nevada would follow California authority. *See id.* at *1 ("As Nevada courts often rely on California law for guidance, there is no reason to believe the Nevada Supreme Court would rule differently [than the California Court of Appeal in a factually similar lawsuit]."). Because *Circus Circus* proved fruitless, plaintiff Golden Entertainment, Inc. now seeks to continue the stay imposed in this case until the Supreme Court of Nevada resolves a petition for writ of mandamus in another potentially authoritative case, *Starr Surplus Lines Ins. Co. v. JGB Vegas Retail Lessee, LLC* ("*JGB*"), Case No. 84986 (Nev. July 29, 2022)[1]. *See generally* ECF No. 74.

---

[1] I take judicial notice of the *JGB* proceedings. Federal courts "may take notice of proceedings in other courts, within and **without the federal judicial system**, if those proceedings have a direct relation to matters at issue." *U.S. ex. rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation marks and citation omitted) (emphasis added).

Defendant Factory Mutual Insurance Company opposes the motion and seeks to lift the stay on December 30, 2022. ECF No. 75 at 5. Continuing the stay will serve to protect principles of comity and federalism as the parties await the Supreme Court of Nevada's pronouncement on issues of Nevada law that will likely pertain to this action. I thus grant plaintiff's motion.

## I.   Legal Standard

"A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). When considering entering such a stay, a court should consider three factors:

> [(1)] [T]he possible damage which may result from the granting of a stay, [(2)] the hardship or inequity which a party may suffer in being required to go forward, and [(3)] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (internal quotation omitted).[2]

## II.   Discussion

Applying the three *Lockyer* factors, I exercise my discretion to continue the stay:

### A.   *The Possible Damage Which May Result from the Granting of a Stay*

Factory Mutual contends that a stay will deny it justice because the requested stay is indefinite and lengthy. While I agree that an indefinite stay could potentially pose some harm to

---

[2] Factory Mutual contends that the appropriate legal standard for a stay in this matter comes from *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800 (1976), then argues that the *Colorado River* factors do not support a stay. *See generally* ECF No. 75. While I agree that a *Colorado River* stay is unwarranted, it is because *Colorado River* is not the appropriate standard to guide the instant motions. The Ninth Circuit has "repeatedly emphasized that a *Colorado River* stay is inappropriate when the state court proceedings will not resolve the entire case before the federal court." *United States v. State Water Res. Control Bd.*, 988 F.3d 1194, 1204 (9th Cir. 2021). *Colorado River* stays may be considered "in situations involving **the contemporaneous exercise of concurrent jurisdictions**[.]" *Colo. River*, 424 U.S. at 817 (emphasis added). There is no risk of the Supreme Court of Nevada exercising concurrent jurisdiction over the issues presented in the instant matter. Its decision in *JGB* may serve as precedential authority, but it will not suffice to "resolve the entire case before the federal court." *State Water Res. Control Bd.*, 988 F.3d at 1204. The *Colorado River* doctrine fundamentally serves to protect parties from parallel state and federal court (or duplicative federal court) proceedings. The *JGB* case is not parallel to this one. Consequently, *Colorado River* does not pertain to this case.

a defendant, briefing has been completed; thus, the duration of the proposed stay portends to be minimal. Factory Mutual's concern regarding an indefinite stay is ameliorated by my restriction that the stay last either until a *JGB* decision is rendered or just over a year after briefing in *JGB* was completed (on August 18, 2022), whichever occurs first.

Furthermore, the instant litigation poses the question of whether Factory Mutual owes Golden Entertainment millions of dollars in insurance coverage. While the stay continues, Factory Mutual's position vis-à-vis the status quo remains unchanged: Factory Mutual retains the money that it argues Golden Entertainment has no legal right to claim. In sum, Factory Mutual is unlikely to be harmed from my granting of a continued stay. This factor weighs toward continuing the stay.

B.   *The Hardship or Inequity Which a Party May Suffer in Being Required to Go Forward*

Golden Entertainment asserts that both parties will bear great hardship if this case proceeds before the Supreme Court of Nevada issues a ruling in *JGB*. The attorneys could engage in costly discovery and motions practice to the potential detriment of their clients, all while the specter of a decision capable of changing the relevant issues to the litigation hangs overhead. However, being required to litigate a suit, without more, does not constitute a "clear case of hardship or inequity[.]" *See Deutsche Bank Nat'l Trust Co. v. Chi. Title Ins. Co.*, 2022 WL 3647889, at *2 (D. Nev. Aug. 24, 2022) (stating that incurring fees and costs from litigating a case is insufficient for this factor to weigh in favor of a stay (citing *Lockyer*, 398 F.3d at 1112)). Consequently, this factor weighs against continuing the stay.

C.   *The Orderly Course of Justice*

The orderly course of justice is promoted by simplifying issues of fact and questions of law. The Supreme Court of Nevada's decision in *JGB*—regardless of which way the Court rules—will likely have the effect of precluding certain arguments as a matter of law or clarifying the insurance policy language such that adjudication of the issues relevant to the present case is easier. Golden Entertainment points to conflicting judgments already rendered on insurance

policy language like the language-at-issue in the present case. *See* ECF No. 74 at 11–12 (collecting cases). Rather than having the parties brief how I think the Supreme Court of Nevada would rule on whether COVID-19-related harms constitute "physical loss or damage" to property, the orderly course of justice suggests that I wait and see how the Court actually rules on the topic. This factor weighs in favor of continuing the stay.

      *D. Conclusion*

      Because the proceedings in the Supreme Court of Nevada are likely to conclude within a reasonable time in relation to the urgency of the claims in the instant suit, and because the *Lockyer* factors lean two-to-one in favor of continuing the stay, I find that the fairest course of action is for this case to remain stayed pending resolution of the *JGB* appeal.

**III.    Conclusion**

      IT IS THEREFORE ORDERED that plaintiff's motion to continue the stay **[ECF No. 74]** is **GRANTED**. This case is to remain stayed until the Supreme Court of Nevada reaches a decision in *JGB* or August 21, 2023, whichever date comes first.

      IT IS FURTHER ORDERED that the parties are to file a joint status report on or before August 21, 2023, describing whether *JGB* resulted in relevant authority, or—if no decision has been issued—the status of the litigation.

      IT IS SO ORDERED.

      DATED: November 30, 2022

                                                  _____
                                                  Cristina D. Silva
                                                  United States District Judge