UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Golden Entertainment, Inc., | Case No. 2:21-cv-00969-CDS-EJY |
| Plaintiff | **Order Lifting Stay, Directing the Parties to Submit a Discovery and Scheduling Plan, and Permitting the Defendant to Refile its Motion to Dismiss** |
| v. | |
| Factory Mutual Insurance Company, | |
| Defendant | [ECF No. 82] |

This insurance dispute arising from the COVID-19 pandemic has been stayed since March 30, 2022, pursuant to orders from the court. ECF Nos. 66, 77. I granted the most recent request to stay the action until the first of either the Supreme Court of Nevada (NSC) reaching a decision in *Starr Surplus Lines Insurance Co. v. JGB Vegas Retail Lessee, LLC, et al.*, Case No. 84986 (Nev. July 29, 2022) (*JGB*) or August 21, 2023. ECF No. 77 at 4. Because the NSC has not yet issued a decision in *JGB*, the parties filed a joint status report on August 21, 2023, wherein plaintiff Golden Entertainment, Inc. seeks to continue the stay imposed in this case until the Supreme Court of Nevada renders a decision in *JGB* or until February 21, 2024, whichever comes first. ECF No. 82 at 3. Defendant Factory Mutual Insurance Company opposes the plaintiff's request to continue the stay and further asks that discovery proceed pending the outcome of its motion to dismiss, which it seeks to refile within 90 days. *Id.* at 3–4.

As previously noted, "a district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). When considering a stay, a court should consider the three *Lockyer* factors: 1) the possible damage resulting from the stay; 2) the hardship or inequity that a party may suffer if the case proceeds; and, 3) the orderly course of justice considering the issues and questions of law that could be

expected to result if a stay is granted. *See generally Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). I previously granted the plaintiff's request for continuing the stay, finding that the Supreme Court of Nevada was likely to render its decision within a reasonable time in relation to the urgency of the claims at bar, and that consideration of the *Lockyer* factors leaned in favor of a stay. ECF No. 77 at 3–4. However, it no longer appears that a decision will be issued in a reasonable timeframe. The petition has been pending since July of 2022, and oral argument was not held until June 5, 2023. It is unclear when the *en banc* decision in *JGB* will be issued. This changes my analysis regarding the potential length of the stay given that this action has been pending since 2021, and 2024 is around the corner. While the court recognizes that litigation is costly, moving forward will assist the parties in resolving this case, sooner rather than later. Ultimately, it is likely that the *JGB* decision from the NSC will also assist in this case's resolution; it can be applied accordingly when it is issued.

Because the Supreme Court of Nevada is not likely to resolve the *JGB* petition within a reasonable time in relation to the urgency of the claims in the instant suit, and considering the *Lockyer* factors, I find that the fairest course of action is to lift the stay in this case and direct the parties to move forward with discovery.

IT IS THEREFORE ORDERED that the previously entered stay [ECF Nos. 66; 77] is lifted.

IT IS FURTHER ORDERED that the parties meet and confer and submit a proposed Discovery Plan and Scheduling Order within 21 days of this order.

IT IS FURTHER ORDERED that defendant Factory Mutual may refile its motion to dismiss within 90 days of this order. Briefing on the motion will proceed in the normal course.

DATED: August 22, 2023

_____
Cristina D. Silva
United States District Judge