1  FRANK M. FLANSBURG III, ESQ., NV Bar No. 6974
   fflansburg@bhfs.com
2  BROWNSTEIN HYATT FARBER SCHRECK, LLP
   100 North City Parkway, Suite 1600
3  Las Vegas, NV  89106-4614
   Telephone:  702.382.2101
4  Facsimile:  702.382.8135

5  BROOK B. ROBERTS, ESQ. (*pro hac vice*)
   brook.roberts@lw.com
6  LATHAM & WATKINS LLP
   12670 High Bluff Drive
7  San Diego, California 92130
   Telephone: (858) 523-5400
8  Facsimile: (858) 523-5450

9  *Attorneys for Plaintiff Golden Entertainment, Inc.*
   [Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| GOLDEN ENTERTAINMENT, INC., | Case No.: 2:21-cv-00969-CDS-EJY |
|---|---|
| Plaintiff, | |
| vs. | **STIPULATION TO STAY DISCOVERY AND SCHEDULING ORDER PENDING RESOLUTION OF MOTION TO DISMISS (ECF NO. 136)** |
| FACTORY MUTUAL INSURANCE COMPANY, | |
| Defendant. | |

Plaintiff Golden Entertainment, Inc. ("Golden") and Defendant Factory Mutual Insurance Company ("FMIC") (collectively, the "Parties") hereby stipulate and respectfully request to stay discovery and the deadlines set in the stipulated Discovery Plan and Scheduling Order, adopted by the Court on January 29, 2025, pending the Court's resolution of FMIC's Motion to Dismiss, or in the alternative, Motion to Strike the Third Amended Complaint filed on February 6, 2025. (ECF No. 136). In support thereof, the parties state as follows:

1.  This case was stayed by the Court on March 30, 2022 pending the outcome of *Circus Circus LV, LP v. AIG Specialty Ins. Co.*, Case No. 21-15367 (9th Cir. argued Mar. 9, 2022)

(ECF No. 66); that stay was extended pending the outcome of *Starr Surplus Lines Ins. Co. v. JGB Vegas Retail Lessee, LLC ("JGB")*, Case No. 84986 (Nev. July 29, 2022). (ECF No. 77).

2. On August 22, 2023, the Court issued an order lifting the stay on discovery, explaining that "[b]ecause the Supreme Court of Nevada is not likely to resolve the *JGB* petition within a reasonable time in relation to the urgency of the claims in the instant suit, and considering the *Lockyer* factors, I find that the fairest course of action is to lift the stay in this case and direct the parties to move forward with discovery." (ECF No. 83).

3. On February 16, 2024, Golden filed its Second Amended Complaint ("SAC"). (ECF No. 105). Over the next several months, Golden and FMIC participated in discovery, some of which Golden relied upon in responding to FMIC's motion to dismiss. (*See* ECF Nos. 108, 110).

4. On January 8, 2025, the Court granted FMIC's motion to dismiss the SAC in part, with leave to amend. (ECF No. 126).

5. On January 22, 2025, Golden filed its currently operative Third Amended Complaint ("TAC"). (ECF No. 128). The TAC asserts a single cause of action against FMIC for tortious breach of the implied covenant of good faith and fair dealing.

6. On January 29, 2025, the Court adopted the Parties' Joint Proposed Discovery Plan and Scheduling Order. (ECF No. 129). Under the Scheduling Order, the upcoming deadlines include: (1) close of fact discovery on July 21, 2025; (2) initial expert disclosures by July 21, 2025; (3) rebuttal expert disclosures by August 20, 2025; (4) expert discovery cutoff by September 19, 2025; and (5) dispositive motions by November 3, 2025. (*Id.*).

7. On February 6, 2025, FMIC moved to dismiss Golden's TAC ("Motion"). (ECF No. 136). Golden opposed the Motion. (ECF No. 139). FMIC filed its reply on March 13, 2025. (ECF No. 140). The Motion seeks to dismiss or strike the entire TAC with prejudice. The Motion is currently pending for resolution.

8. On February 3, 2025, the Court granted the Parties' joint stipulation to stay FMIC's responsive pleading deadline for the TAC until 14 days after the Court rules on FMIC's Motion. (ECF No. 135).

9. No trial date has been set in this matter.

10. This is the Parties' third joint request for an extension of the discovery deadlines.

11. Over the past several months, Golden and FMIC have pursued discovery concerning Golden's claim in the TAC. FMIC has produced over 33,000 pages in twenty separate productions to date; Golden has produced over 3,000 pages. The Parties have served and/or responded to multiple sets of written discovery, including 45 Requests for Admission, 14 Interrogatories, and 72 Requests for Production from Golden to FMIC, and 146 Requests for Admission, 164 Requests for Production, and 24 Interrogatories from FMIC to Golden. The parties have also noticed individual and 30(b)(6) depositions. The following discovery remains outstanding:

- Golden has noticed the following depositions:
    o FMIC's Lorena Rodriguez for July 11, 2025;
    o FMIC's Rule 30(b)(6) witness for July 10, 2025; and
    o FMIC's Duhavid Torres for July 16, 2025.
- FMIC has noticed the following depositions:
    o Third-party witness Marsh for July 1, 2025;
    o Golden's Katherine Roden for July 2, 2025;
    o Golden's Charles Protell for July 15, 2025;
    o Golden's Phyllis Gilland for July 17, 2025;
    o Third-party Stout for July 18, 2025; and
    o Golden's Tom Haas for July 21, 2025.
- FMIC's Request for Production of Documents, Set Two, Interrogatories, Set Two, and Request for Admission, Set One have been served, but responses are not yet due.

12. In addition, the Parties have met and conferred as to various written discovery responses and intend to file their respective motions to compel as to certain disputed issues that remain unresolved.

13. Courts have "broad discretionary power to control discovery." *Miller v. Republic Silver State Disposal, Inc.*, 2022 WL 4355595, at *1 (D. Nev. Sept. 19, 2022) (citing *Little v. City*

1  *of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)).  Consistent with that discretion and particularly when the parties stipulate, this Court stays discovery when good cause exists and the pending motion can be decided without further discovery.  *Id.* at *1-2; *see also, e.g.*, *Bloom v. Zuffa, LLC.*, 2023 WL 6197341, at *4 (D. Nev. Sept. 22, 2023).[1]

14. The pending Motion is fully briefed and can be decided without any additional discovery.  *See Miller*, 2022 WL 4355595, at *2; *Bloom*, 2023 WL 6197341, at *4.  The Parties agree that good cause exists to stay discovery and the stipulated deadlines following therefrom. The Parties have actively participated in discovery throughout this litigation and made significant progress.  At this stage, however, the Parties agree that it would be prudent to allow the Motion to be resolved before proceeding with further discovery and dispositive motion practice.  A responsive pleading to the TAC is not due until 14 days after the Court rules on the pending Motion.  Thus, under the current Scheduling Order, Golden will not have FMIC's answer, affirmative defenses, or any alleged cross- or counterclaim to the TAC (all of which Golden would ordinarily be entitled to discovery on) before the close of fact discovery on July 21, 2025.  Further, resolution of the Motion could dispose of this matter or otherwise frame the operative claim and/or narrow the issues in the subject action.  Either would have a direct and substantial impact on the scope of the remaining discovery in this case, including, among other things, the Parties' written discovery to each other, individual and 30(b)(6) depositions, and expert discovery.  The Court's decision on the Motion could significantly reduce discovery disputes and any related motion practice, all of which represents significant time and associated expense for the Parties.  *See, e.g.*, *Alexander v. Costco Wholesale Corp.*, 2023 WL 4785045, at *1-2 (D. Nev. July 27, 2023) (granting stipulated motion to stay discovery pending outcome of motion because "it would be an inefficient use of resources to engage in additional discovery prior to the Court's ruling") (citing

---

[1] Although likely unnecessary in light of the Parties' stipulation, FMIC submits the "preliminary peek" framework could also support staying discovery.  *See, e.g.*, *Navajo Health Found.-Sage Mem'l Hosp., Inc. v. Razaghi Dev. Co., LLC*, 2021 WL 1397229, at *5, 6 (D. Nev. Jan. 15, 2021) (granting stay of discovery where pending motion to dismiss was potentially dispositive of several of the claims in the complaint and all issues in the pending motion could be decided without additional discovery).  FMIC submits that the first two factors of the preliminary peek test are satisfied, and the Parties take no position as to the third factor.

1    *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011)); *Miller*, 2022 WL 4355595, at
2    *2 (granting stipulated motion to stay discovery where "requiring the parties to engage in
3    discovery until the pending motions are resolved would not be efficient") (quoting *Amey v.*
4    *Cinemark USA Inc.*, 2013 WL 12143815, at *2 (C.D. Cal. Oct. 18, 2013)).

15.    The Parties further agree that staying discovery pending resolution of the Motion will not prejudice either Party. *See Miller*, 2022 WL 4355595, at *2 (granting stipulated stay of discovery where the parties agreed that no prejudice would result to either side). On the contrary, staying discovery and the deadlines following therefrom until the Court resolves the Motion will prevent prejudice by allowing Golden to evaluate FMIC's affirmative defenses and/or any potential cross- or counterclaim, pursue discovery on those topics, and adequately prepare for dispositive motion practice and trial concerning the same. In addition, staying discovery would conserve the Parties' and the Court's resources and avoid potential waste. *See Bier v. Ashley Furniture Indus., LLC*, 2024 WL 1674166, at *1 (D. Nev. Apr. 17, 2024) (granting stipulated stay of discovery where parties agreed no prejudice would result, a discovery stay would "prevent unnecessary costs and resources from being expended," and would "result in economies and efficiencies for both the parties and the Court upon the Court's decision(s)"). Once the Court determines the scope of issues in the case by resolving the Motion, the Parties may proceed with finalizing discovery according to the Court's ruling. Therefore, Golden and FMIC respectfully submit that it is in the interests of the Parties and judicial economy to stay discovery and the deadlines following therefrom pending the outcome of the Motion.

16.    Wherefore, the Parties respectfully request that the Court stay the current Discovery Plan and Scheduling Order in this action and vacate the dates therein pending resolution of the Motion (ECF No. 136). To the extent that this Stipulation is granted, the Parties further submit that within 14 days of FMIC's responsive pleading to the TAC, the Parties will file a revised proposed Joint Discovery Plan and Scheduling Order proposing dates for discovery cut-off, initial and rebuttal expert disclosures, and all deadlines thereafter.

/ / /

/ / /

Respectfully Submitted: June 25, 2025.

By:  */s/ Corey D. McGehee*
Corey D. McGehee, Esq. (*PHV*)
Brook B. Roberts, Esq. (*PHV*)
John M. Wilson, Esq. (*PHV*)
Christine G. Rolph, Esq. (*PHV*)
LATHAM & WATKINS LLP

Frank M. Flansburg III, Esq.
BROWNSTEIN HYATT FARBER SCHRECK, LLP

*Attorneys for Plaintiff*
*Golden Entertainment, Inc.*

By:  */s/ Steven D. Turner*
Steven D. Turner, Esq. (*PHV*)
Mariyetta A. Meyers-Lopez, Esq. (*PHV*)
JONES TURNER, P.C.

Mark J. Connot, Esq.
FOX ROTHCHILD LLP

*Attorneys for Defendant*
*Factory Mutual Insurance Company*

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: June 25, 2025