Mark J. Connot, Esq.
Nevada Bar No. 10010
Connot Law Office PLLC
mconnot@connotlaw.com
8965 S. Eastern Ave., Suite 382
Las Vegas, NV 89123
Telephone: (702) 603-5445

Steven D. Turner, Esq.*
sturner@jonesturner.com
Mariyetta Meyers-Lopez, Esq.*
mmeyers@jonesturner.com
JONES TURNER, PC
2 Venture, Suite 420
Irvine, California 92618
Telephone: (949) 435-4100
Facsimile: (949) 435-4105

* *Admitted pro hac vice*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GOLDEN ENTERTAINMENT, INC. <br><br> Plaintiff, <br><br> v. <br><br> FACTORY MUTUAL INSURANCE COMPANY, <br><br> Defendant, | Case No. 2:21-cv-00969-CDS-EJY <br><br> **STIPULATION AND [PROPOSED] ORDER TO VACATE PREVIOUSLY-SCHEDULED MOTION TO COMPEL DEADLINE PENDING** <br><br> **(1) PLAINTIFF GOLDEN ENTERTAINMENT, INC. COMPLETING ITS SUPPLEMENTAL DOCUMENT PRODUCTION AND WRITTEN DISCOVERY RESPONSES AND THE PARTIES REACHING AN IMPASSE CONCERNING ANY DISPUTES ABOUT SAME,** <br><br> **(2) RESOLUTION OF DEFENDANT FACTORY MUTUAL INSURANCE COMPANY'S MOTION FOR CLARIFICATION AND RECONSIDERATION (ECF NO. 177), AND** <br><br> **(3) RESOLUTION OF GOLDEN ENTERTAINMENT, INC.'S MOTION TO SEAL (ECF NO. 159)** |

Plaintiff Golden Entertainment, Inc. ("Golden") and Defendant Factory Mutual Insurance Company ("FMIC") (collectively, the "Parties") hereby stipulate to vacate the currently-scheduled

motion to compel deadline of October 27, 2025, pending the completion and resolution of all of the below events:

    (A)    Completion of Golden's supplemental document production(s), privilege log(s) and written responses to FMIC's previously propounded and responded to written discovery requests and completion of any meet and confer conferences regarding same until an impasse is reached concerning any remaining disputes and said impasse is confirmed in writing. (ECF No. 174.) The Parties addressed that discovery, at least in part, in their Joint Proposed Discovery Plan and Scheduling Order (ECF No. 165) and during the September 24, 2025 discovery hearing with the Court. Following further meet and confer discussions, as ordered by the Court on September 24, 2025, Golden has agreed to supplement its written responses to interrogatories and its document production(s) and to provide privilege log(s). Golden anticipates that the first part of its supplemental document production will take place no earlier than November 28, 2025.

    (B)    Resolution of FMIC's Motion for Clarification and Reconsideration (ECF No. 177), and

    (C)    Resolution of Golden's Motion to Seal (ECF No. 159).

In support thereof, the Parties state as follows:

1. No trial date has been set in this matter.
2. This is the Parties' fourth joint request for an extension of discovery deadlines.
3. This case was removed to this Court on May 20, 2021. (ECF No. 1.)
4. This case was stayed by the Court on March 30, 2022 pending the outcome of *Circus Circus LV, LP v. AIG Specialty Ins. Co.*, Case No. 21-15367 (9th Cir. argued Mar. 9, 2022) (ECF No. 66); that stay was extended pending the outcome of *Starr Surplus Lines Ins. Co. v. JGB Vegas Retail Lessee, LLC* ("*JGB*"), Case No. 84986 (Nev. July 29, 2022). (ECF No. 77.)
5. On August 22, 2023, the Court issued an order lifting the stay on discovery. (ECF No. 83.)

6.     On February 16, 2024, Golden filed its Second Amended Complaint ("SAC").

7.     On January 8, 2025, the Court granted FMIC's motion to dismiss the SAC in part, with leave to amend. (ECF No. 126.)

8.     On January 22, 2025, Golden filed its currently operative Third Amended Complaint ("TAC"). (ECF No. 128.) The TAC asserts a single cause of action against FMIC for tortious breach of the implied covenant of good faith and fair dealing.

9.     On January 29, 2025, the Court adopted the Parties' Joint Proposed Discovery Plan and Scheduling Order. (ECF No. 129.)

10.    On February 6, 2025, FMIC moved to dismiss Golden's TAC ("MTD"). (ECF No. 136.) Golden opposed the MTD. (ECF No. 139.) FMIC filed its reply on March 13, 2025. (ECF No. 140.)

11.    On February 3, 2025, the Court granted the Parties' joint stipulation to stay FMIC's responsive pleading deadline until 14 days after the Court ruled on FMIC's MTD. (ECF No. 135.)

12.    On February 10, 2025, FMIC served Requests for Production, Set One, on Golden. On March 12, 2025, Golden served its objections and responses to that discovery. On March 17, 2025 Golden produced certain documents and served a privilege log. Golden also produced documents on April 11, 2025, and May 9, 2025.

13.    On February 12, 2025, FMIC served Interrogatories, Set One on Golden. On March 14, 2025, Golden served its objections and responses to that discovery.

14.    On June 4, 2025, FMIC issued a subpoena to Federal Rule of Civil Procedure 30(b)(6) Designee of Marsh & McLennan Insurance Agency LLC ("Marsh"). That subpoena was served on June 5, 2025.

15.    On June 19, 2025, FMIC served Interrogatories, Set Two and Requests for Production, Set Two on Golden.

16.    On June 20, 2025, FMIC served Requests for Admission, Set One, on Golden.

17.    On June 23, 2025, FMIC issued (a) a Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action on the Custodian of Records for Stout Risius Ross, LLC ("Stout"), and (b) a Subpoena to Testify at a Deposition in a Civil Action

3

to Federal Rule of Civil Procedure 30(b)(6) Designee of Stout. Those subpoenas were served on June 25, 2025.

18. Stout, Marsh, and Golden have raised objections regarding the third-party subpoenas, and FMIC disputes the validity of those objections. The Parties have agreed to table these disputes until after Golden's supplemental production and resolution of any discovery disputes regarding same.

19. On June 25, 2025, the Parties filed a Stipulation to Stay Discovery and Scheduling Order Pending Resolution of Motion to Dismiss. (ECF No. 155.)

20. On June 26, 2025, the Court entered an Order staying discovery and deadlines set in the stipulated Discovery Plan and Scheduling Order adopted by the Court on January 29, 2025, pending resolution of FMIC's MTD. (ECF No. 156.) Per that Order, within 14 days of FMIC's responsive pleading to the TAC, the Parties would file a revised proposed Joint Discovery Plan and Scheduling Order proposing dates for discovery cut-off, initial and rebuttal expert disclosures, and all deadlines thereafter.

21. Pursuant to the Parties' agreement, any motions to compel discovery would be stayed pending the Court's issuance of a revised Discovery Plan and Scheduling Order.

22. On July 21, 2025, the Court issued the Order on FMIC's MTD. (*See* Order Granting in Part Defendant's Motion to Dismiss, Denying Defendant's Motion for Order to Show Cause, and Denying as Moot Plaintiff's Motion to Strike, ECF No. 158.)

23. On August 4, 2025, Golden filed its motion to seal its updated certificate of interested Parties, which is fully briefed (ECF Nos. 159, 164, 168). The Court has not yet ruled on that motion.

24. On August 4, 2025, FMIC filed its Answer to the TAC. (ECF No. 161.) FMIC filed its First Amended Answer to the TAC on August 25, 2025. (ECF No. 167.)

25. On August 18, 2025, the Parties filed a Joint Proposed Discovery Plan and Scheduling Order and requested Special Scheduling Review pursuant to LR 26-1. (ECF No. 165.) FMIC filed a notice of errata regarding the same on August 25, 2025. (ECF No. 169.)

26. The Court scheduled a hearing for September 24, 2025 to "address the scope of discovery in light of the Court's July 21, 2025 Order granting in part and denying in part Factory

4

Mutual Insurance Company's Motion to Dismiss. ECF No [158]. Efforts will be made to avoid motion practice regarding some, if not all, issues raised by Factory Mutual in the proposed discovery plan and scheduling order." (ECF Nos. 166, 173.)

27. On August 25, 2025, Golden served its objections and responses to FMIC's Interrogatories, Set Two, Requests for Admission, Set One, and Requests for Production, Set Two. Golden also produced certain documents.

28. The Court held the discovery hearing on September 24, 2025. At that hearing, the Court set a deadline of October 27, 2025 for motions to compel "already responded to discovery." (Minutes of Proceedings, ECF No. 174 [also stating that "[t]he Transcript of these proceedings will serve as the written Order of the Court"]; *see* Tr. of 9/24/2025 discovery hearing, ECF No. 175 [setting dates]).

29. Counsel for the Parties met and conferred in person immediately following the September 24, 2025 hearing. Counsel also agreed to schedule a further meet and confer date to comply with the Court's Order.

30. On October 7, 2025, the Parties met and conferred, as required by the Court. FMIC's counsel followed that conference with two letters to Golden on October 10, 2025. These discussions were in addition to the Parties' prior meet and confer efforts, including over video conference.

31. During the October 7, 2025 conference, the Parties also discussed FMIC's then-anticipated Motion for Clarification and Reconsideration (also mentioned by FMIC during the September 24, 2025 hearing) and the potential impact of that motion on discovery and deadlines.

32. On October 17, 2025, FMIC filed its motion for Clarification and Reconsideration. (ECF No. 177.)

33. On October 20, 2025, Golden contacted FMIC and, subject to its objections, agreed to "conduct reasonable searches for and produce all non-privileged, non-protected documents reasonably available to Golden that are responsive to the RFPs identified in FM's October 10 letter. Golden will also amend its Interrogatory responses accordingly." Golden advised that it would engage a third-party vendor to collect and process responsive documents. "Once collected and processed, Golden will review the documents for privilege, work-product, and any other applicable

protection. Golden will then produce all responsive, non-privileged, non-protected documents, along with a privilege log, and amend its responses to FM's Interrogatories." Golden further stated that, while it will be "expeditious and diligent in this process," collecting, reviewing and producing responsive documents "will take time. In addition, several of Golden's key counsel will be in trial for multiple weeks in November for another matter. Accordingly, Golden anticipates making its first supplemental production no earlier than November 28, 2025. Subject to the volume of responsive documents, however, the first supplemental production could take longer than that."

34. The Parties would like to work together in setting parameters for the document searches. However, such cooperation is not possible if the currently scheduled October 27, 2025 deadline for the motions to compel remains.

35. Courts have "broad discretionary power to control discovery," particularly when the parties stipulate. (*Miller v. Republic Silver State Disposal, Inc*., 2022 WL 4355595, at *1 (D. Nev. Sept. 19, 2022), citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).) The Court's approval/grant of this Stipulation and Order will not impede the resolution of FMIC's Motion for Clarification and Reconsideration (ECF No. 177) or Golden's Motion to Seal (ECF No. 159).

36. The Parties agree that good cause exists for the requested relief.

37. After engaging in a further meet and confer process as ordered by the Court on September 24, 2025, Golden has now agreed to supplement its document production, provide privilege log(s) and supplement some of its written responses. Under the circumstances, the Parties agree that it would be prudent to permit Golden to provide amended responses, to serve privilege log(s), and to supplement its document production before FMIC is required to file any motion(s) to compel regarding any of the outstanding discovery. Golden anticipates that its first supplemental production can take place no earlier than November 28, 2025.

38. The Parties further agree that it would be prudent to allow the Court to rule on FMIC's Motion for Clarification and Reconsideration (ECF No. 177) before the Parties file discovery motions (if any). The resolution of that motion could impact the scope of remaining discovery in this case. The Court's decision on that motion could meaningfully reduce discovery disputes and related motion practice, all of which represents significant time and associated expense

for the Parties.

39. The Parties further agree that it would be prudent to allow the Court to rule on Golden's Motion to Seal (ECF No. 159) before proceeding with discovery motions as the Court's ruling on that motion may impact discovery and the parties' disputes.

40. Vacating the motion to compel deadline as discussed herein will prevent waste of the Parties' and this Court's time and resources. It will also allow the Parties to focus discovery motion practice on any remaining disputed items/topics, focus on remaining discovery and depositions (including third-party discovery) and adequately prepare for dispositive motion practice and trial concerning the same.

41. Therefore, Golden and FMIC respectfully submit that it is in the interests of the Parties and judicial economy to vacate the October 27, 2025 motion to compel deadline set during the September 24, 2025 hearing. (*See* Tr. of 9/24/2025 discovery hearing, ECF No. 175 [inviting the Parties to bring to the Court's attention a need to extend any of the dates set by the Court during the September 24, 2025 hearing].)

42. Wherefore, the Parties respectfully request that the Court vacate the October 27, 2025 motion to compel deadline set during the September 24, 2025 hearing (*see* ECF Nos. 174, 175) and that the Court order the Parties to provide a report to the Hon. Magistrate Youchah regarding a new motion to compel filing deadline (if needed) within 15 days of the following events, whichever is later:

  (A) Completion of Golden's supplemental document production(s), privilege log(s) and written responses to FMIC's previously propounded and responded to written discovery requests and completion of any meet and confer conferences regarding same until an impasse is reached concerning any remaining disputes and said impasse is confirmed in writing. (ECF No. 174.)

  (B) Resolution of FMIC's Motion for Clarification and Reconsideration (ECF No. 177), and

  (C) Resolution of Golden's Motion to Seal (ECF No. 159).

43. Nothing in this Stipulation or Order is meant to be, or should be construed as, a limitation or waiver of any of the Parties' rights or arguments as to motions to compel regarding any aspect of the already propounded discovery or any of FMIC's subpoenas on third parties. All such rights and arguments are preserved in full.

Respectfully Submitted: October 22, 2025.

/s/*Corey D. McGehee*
Corey D. McGehee, Esq. (*PHV*)
Brook B. Roberts, Esq. (*PHV*)
John M. Wilson, Esq. (*PHV*)
Christine G. Rolph, Esq. (*PHV*)
LATHAM & WATKINS LLP

Frank M. Flansburg III, Esq.
BROWNSTEIN HYATT FARBER SCHRECK, LLP

*Attorneys for Plaintiff*
*Golden Entertainment, Inc.*

/s/*Steven D. Turner*
Steven D. Turner, Esq. (*PHV*)
Mariyetta A. Meyers-Lopez, Esq. (*PHV*)
JONES TURNER, LLP

/s/*Mark J. Connott*
Mark J. Connott, Esq.
CONNOT LAW OFFICE PLLC

*Attorneys for Defendant*
*Factory Mutual Insurance Company*

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: October 23, 2025