Mark J. Connot, Esq.
Nevada Bar No. 10010
Connot Law Office PLLC
mconnot@connotlaw.com
8965 S. Eastern Ave., Suite 382
Las Vegas, NV 89123
Telephone: (702) 603-5445

Steven D. Turner, Esq.*
sturner@jonesturner.com
Mariyetta Meyers-Lopez, Esq.*
mmeyers@jonesturner.com
JONES TURNER, PC
2 Venture, Suite 420
Irvine, California 92618
Telephone: (949) 435-4100
Facsimile: (949) 435-4105

* *Admitted pro hac vice*

Attorneys for Defendant
FACTORY MUTUAL INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

GOLDEN ENTERTAINMENT, INC.

Plaintiff,

v.

FACTORY MUTUAL INSURANCE COMPANY,

Defendant,

Case No. 2:21-cv-00969-CDS-EJY

**STIPULATION AND ~~[PROPOSED]~~ ORDER TO REVISE THE SCHEDULING ORDER ECF NO. 174–175 (AS AMENDED BY ECF NO. 179 AND ECF NO. 183)**

Plaintiff Golden Entertainment, Inc. ("Golden") and Defendant Factory Mutual Insurance Company ("FMIC") (collectively, the "Parties") hereby submit this stipulation to revise the Court's Discovery Plan and Scheduling Order (ECF No. 174–175), as amended by the stipulated Orders (ECF Nos. 179 and 183) (collectively "Scheduling Order"), as discussed below. The Parties submit that revising the Scheduling Order is in the interests of the Parties and judicial economy and is consistent with the Court's direction at the September 24, 2025 hearing. (*See* ECF No. 175:10:19–22, 13:15–16 [inviting the Parties to bring to the Court's attention a need to extend any of the dates set by the Court during the September 24, 2025 hearing].)

The Parties stipulated to the date modifications in their last joint request to revise the Scheduling Order with the express understanding that "further extensions of the deadlines may be needed depending on the development(s) of/in this case." (ECF No. 183 at 2:23-24.)

The Parties hereby stipulate and respectfully request to revise the current Scheduling Order, ECF No. 183, as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Date for FMIC to amend its pleading and add parties | Deadline vacated pending resolution of Golden's Motion to Seal (ECF No. 159). | No change from ECF No. 183. |
| Initial expert disclosures | 03/02/2026 | 06/12/2026 |
| Rebuttal expert disclosures | 04/02/2026 | 07/13/2026 |
| Close of fact discovery | 04/17/2026 | 07/27/2026 |
| Close of expert discovery | 05/01/2026 | 09/25/2026 |
| Dispositive motions due | 06/05/2026 | 10/26/2026 |
| Oppositions to dispositive motions due | 07/03/2026 | 11/24/2026 |
| Reply briefs in support of dispositive motions are due | 07/24/2026 | 12/17/2026 |
| Joint Pretrial Order due | 30 days after dispositive motions are resolved | No change - 30 days after dispositive motions are resolved |
| Motion to compel deadline | Vacated by ECF No. 179 | No change from ECF No. 183 |

The Parties stipulate to the above with the understanding that further extensions of the deadlines may be needed depending on the development(s) of/in this case.

In support thereof, the Parties state as follows:

1. No trial date has been set in this matter.

2. This is the Parties' sixth joint request for an extension of discovery deadlines.

3. This case was removed to this Court on May 20, 2021. (ECF No. 1.)

4. This case was stayed by the Court on March 30, 2022 pending the outcome of *Circus Circus LV, LP v. AIG Specialty Ins. Co*., Case No. 21-15367 (9th Cir. argued Mar. 9, 2022) (ECF No. 66); that stay was extended pending the outcome of *Starr Surplus Lines Ins. Co. v. JGB Vegas Retail Lessee, LLC* ("*JGB*"), Case No. 84986 (Nev. July 29, 2022). (ECF No. 77.)

5. On August 22, 2023, the Court issued an order lifting the stay on discovery. (ECF No. 83.)

6. On February 16, 2024, Golden filed its Second Amended Complaint ("SAC").

7. On January 8, 2025, the Court granted FMIC's motion to dismiss the SAC in part, with leave to amend. (ECF No. 126.)

8. On January 22, 2025, Golden filed its currently operative Third Amended Complaint ("TAC"). (ECF No. 128.) The TAC asserts a single cause of action against FMIC for tortious breach of the implied covenant of good faith and fair dealing.

9. On January 29, 2025, the Court adopted the Parties' Joint Proposed Discovery Plan and Scheduling Order. (ECF No. 129.)

10. On February 6, 2025, FMIC moved to dismiss Golden's TAC ("MTD"). (ECF No. 136.) Golden opposed the MTD. (ECF No. 139.) FMIC filed its reply on March 13, 2025. (ECF No. 140.)

11. On February 3, 2025, the Court granted the Parties' joint stipulation to stay FMIC's responsive pleading deadline until 14 days after the Court ruled on FMIC's MTD. (ECF No. 135.)

12. On February 10, 2025, FMIC served Requests for Production, Set One, on Golden. On March 12, 2025, Golden served its objections and responses to that discovery. On March 17, 2025 Golden produced certain documents and served a privilege log. Golden also produced documents on April 11, 2025, and May 9, 2025.

13. On February 12, 2025, FMIC served Interrogatories, Set One on Golden. On March 14, 2025, Golden served its objections and responses to that discovery.

14. On June 4, 2025, FMIC issued a subpoena to Federal Rule of Civil Procedure 30(b)(6) Designee of Marsh & McLennan Insurance Agency LLC ("Marsh"). That subpoena was served on June 5, 2025.

15. On June 19, 2025, FMIC served Interrogatories, Set Two and Requests for Production, Set Two on Golden.

16. On June 20, 2025, FMIC served Requests for Admission, Set One, on Golden.

17. On June 23, 2025, FMIC issued (a) a Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action on the Custodian of Records for Stout Risius Ross, LLC ("Stout"), and (b) a Subpoena to Testify at a Deposition in a Civil Action to Federal Rule of Civil Procedure 30(b)(6) Designee of Stout. Those subpoenas were served on June 25, 2025.

18. Stout, Marsh, and Golden have raised objections regarding the third-party subpoenas, and FMIC disputes the validity of those objections. The Parties have agreed to table these disputes until after Golden's supplemental production and resolution of any discovery disputes regarding same.

19. On June 25, 2025, the Parties filed a Stipulation to Stay Discovery and Scheduling Order Pending Resolution of Motion to Dismiss. (ECF No. 155.)

20. On June 26, 2025, the Court entered an Order staying discovery and deadlines set in the stipulated Discovery Plan and Scheduling Order adopted by the Court on January 29, 2025, pending resolution of FMIC's MTD. (ECF No. 156.) Per that Order, within 14 days of FMIC's responsive pleading to the TAC, the Parties would file a revised proposed Joint Discovery Plan and Scheduling Order proposing dates for discovery cut-off, initial and rebuttal expert disclosures, and all deadlines thereafter.

21. Pursuant to the Parties' agreement, any motions to compel discovery would be stayed pending the Court's issuance of a revised Discovery Plan and Scheduling Order.

22. On July 21, 2025, the Court issued the Order on FMIC's MTD. (*See* Order Granting in Part Defendant's Motion to Dismiss, Denying Defendant's Motion for Order to Show Cause, and Denying as Moot Plaintiff's Motion to Strike, ECF No. 158.)

23. On August 4, 2025, Golden filed its motion to seal its updated certificate of interested parties ("Motion to Seal"), which is fully briefed (ECF Nos. 159, 164, 168). The Court has not yet ruled on that motion.

24. On August 4, 2025, FMIC filed its Answer to the TAC. (ECF No. 161.) FMIC filed its First Amended Answer to the TAC on August 25, 2025. (ECF No. 167.)

25. On August 18, 2025, the Parties filed a Joint Proposed Discovery Plan and Scheduling Order and requested Special Scheduling Review pursuant to LR 26-1. (ECF No. 165.) FMIC filed a notice of errata regarding the same on August 25, 2025. (ECF No. 169.)

26. The Court scheduled a hearing for September 24, 2025 to "address the scope of discovery in light of the Court's July 21, 2025 Order granting in part and denying in part Factory Mutual Insurance Company's Motion to Dismiss. ECF No [158]. Efforts will be made to avoid motion practice regarding some, if not all, issues raised by Factory Mutual in the proposed discovery plan and scheduling order." (ECF Nos. 166, 173.)

27. On August 25, 2025, Golden served its objections and responses to FMIC's Interrogatories, Set Two, Requests for Admission, Set One, and Requests for Production, Set Two. Golden also produced certain documents.

28. The Court held the discovery hearing on September 24, 2025, during which it set the then-operative Scheduling Order dates. The Court advised that the Scheduling Order dates were a "reasonable" starting point and noted that "if things develop such that extensions are needed, these are not cast in concrete or anything else that's immovable." (ECF No. 175 at 10:19-22.)

29. On October 17, 2025, FMIC filed its Motion for Clarification and Reconsideration. That motion has been fully briefed. (ECF Nos. 177, 180, 181.) The Court has not yet ruled on that motion.

30. Following multiple meet and confer discussions after the September 24, 2025 hearing, on October 20, 2025, Golden contacted FMIC regarding discovery. Golden advised FMIC that while

Golden preserved its objections to FMIC's discovery requests, Golden agreed to "conduct reasonable searches for and produce all non-privileged, non-protected documents reasonably available to Golden that are responsive to the RFPs identified in FM's October 10 letter," notwithstanding its objections. Golden also stated that it "will also amend its Interrogatory responses accordingly" and provide an updated privilege log.

31. At that time, Golden estimated completing its supplemental production and response process within 60 days of its October 20, 2025 letter, subject to modification, as necessary.

32. In light of Golden's commitment to make supplemental production(s) and written discovery responses, and the Parties' pending motions with the Court that could impact potential motion(s) to compel, on October 22, 2025, the Parties filed a stipulation and proposed order to vacate the previously scheduled motion to compel deadline. (Stipulation, ECF No. 178; *see* Minutes of Proceedings of 9/24/25 [setting the motion to compel deadline for "already responded to discovery"]; Tr. of 9/24/2025 discovery hearing, ECF No. 175 [setting dates].) On October 23, 2025, the Court entered its Order pursuant to the Parties' stipulation. The Court ordered the Parties to provide a new motion to compel deadline (if needed) within 15 days of the events set forth in the Parties' stipulation, whichever is later. (ECF No. 179).

33. The Parties subsequently met and conferred regarding the remaining deadlines under the then-current Scheduling Order. In light of the foregoing, and after taking end-of-the-year holidays into account, the Parties agreed that it would be prudent to revise that Scheduling Order and to continue most of the scheduled dates by 77 days and submitted a joint "Stipulation and [Proposed] Order to Revise the Scheduling Order ECF No. 174-175 (as amended by ECF No. 179)" on that basis. (ECF No. 182.)

34. On November 20, 2025, this Court entered the "Stipulation and ~~[Proposed]~~ Order to Revise the Scheduling Order ECF No. 174-175 (as amended by ECF No. 179)" (ECF No. 183.)

35. Golden completed its supplemental production of documents between December 31, 2025 and January 13, 2026, producing over 100,000 pages of materials.

36. On January 26, 2026, Golden's counsel sent a letter to FMIC's counsel in response to FMIC's request for information about how Golden's productions are organized.

37. On February 5, 2026, Golden served its Second Amended Responses and Objections to FMIC's Requests for Production, Sets One and Two; Golden's Amended Responses to Requests for Admission, Set One; and Golden's Amended Responses and Objections to Interrogatories, Sets One and Two.

38. On February 5, 2026, Golden also produced additional documents to FMIC.

39. FMIC's counsel is in the process of (1) reviewing and digesting Golden's recent 100,000+ page production so that it can provide relevant material to its experts for consideration, and meaningfully prepare for and conduct percipient depositions and (2) determining whether Golden's production is fully responsive to FMIC's document requests, whether the associated privilege log is proper and/or whether further meet/confer conferences or motions to compel will be required.

40. No depositions have been taken yet by either party.

41. The Court has not yet ruled on Golden's Motion to Seal (ECF No. 159) or on FMIC's Motion for Clarification and Reconsideration. (ECF No. 177).

42. Further extensions of the deadlines may be needed depending on the development(s) of/in this case.

43. Courts have "broad discretionary power to control discovery," particularly when the parties stipulate. (*Miller v. Republic Silver State Disposal, Inc*., 2022 WL 4355595, at *1 (D. Nev. Sept. 19, 2022), citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).) The Court's approval/grant of this Stipulation and Order will not impede the resolution of FMIC's Motion for Clarification and Reconsideration (ECF No. 177) or Golden's Motion to Seal (ECF No. 159).

44. The Parties agree that good cause exists for the requested relief.

45. Under the circumstances, the Parties believe that revising the Scheduling Order and continuing the deadlines as discussed herein would be prudent and prevent waste of the Parties' and this Court's time and resources.

46. Therefore, Golden and FMIC respectfully submit that it is in the interests of the Parties and judicial economy to revise the Scheduling Order as discussed herein (*See* Tr. of 9/24/2025 discovery hearing, ECF No. 175 [inviting the Parties to bring to the Court's attention a need to extend any of the dates set by the Court during the September 24, 2025 hearing].)

Wherefore, the Parties respectfully request the Court to revise the Scheduling Order as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Date for FMIC to amend its pleading and add parties | Deadline vacated pending resolution of Golden's Motion to Seal (ECF No. 159). | No change from ECF No. 183. |
| Initial expert disclosures | 03/02/2026 | 06/12/2026 |
| Rebuttal expert disclosures | 04/02/2026 | 07/13/2026 |
| Close of fact discovery | 04/17/2026 | 07/27/2026 |
| Close of expert discovery | 05/01/2026 | 09/25/2026 |
| Dispositive motions due | 06/05/2026 | 10/26/2026 |
| Oppositions to dispositive motions due | 07/03/2026 | 11/24/2026 |
| Reply briefs in support of dispositive motions are due | 07/24/2026 | 12/17/2026 |
| Joint Pretrial Order due | 30 days after dispositive motions are resolved | No change - 30 days after dispositive motions are resolved |
| Motion to compel deadline | Vacated by ECF No. 179 | No change from ECF No. 183 |

Respectfully Submitted: February 13, 2026.

/s/***Corey D. McGehee***
Corey D. McGehee, Esq. (*PHV*)
Brook B. Roberts, Esq. (*PHV*)
John M. Wilson, Esq. (*PHV*)
Christine G. Rolph, Esq. (*PHV*)
LATHAM & WATKINS LLP

Frank M. Flansburg III, Esq.
BROWNSTEIN HYATT FARBER SCHRECK, LLP

*Attorneys for Plaintiff Golden Entertainment, Inc.*

/s/***Steven D. Turner***
Steven D. Turner, Esq. (*PHV*)
Mariyetta A. Meyers-Lopez, Esq. (*PHV*)
JONES TURNER, LLP

/s/***Mark J. Connot***
Mark J. Connot, Esq.
CONNOT LAW OFFICE PLLC

*Attorneys for Defendant Factory Mutual Insurance Company*

**Pursuant to the Stipulation of the Parties herein, the Court orders as follows:**

1. The Court's Order at ECF No. 179 will continue to govern the matters addressed in that Order.

2. Subject to the above, the Court hereby vacates the deadlines set forth in its "Stipulation and [Proposed] Order to Revise the Scheduling Order ECF No. 174-175 (as amended by ECF No. 179)" (ECF No. 183), and sets new dates as follows:

- **Date for FMIC to amend its pleading and add parties (this date has already closed for Plaintiff)**: No currently set deadline. The Parties are ordered to provide a report to the Hon. Magistrate Judge Youchah regarding a new deadline for FMIC to amend its pleading and add parties within 15 days of the resolution of Golden's Motion to Seal (ECF No. 159).
- **Fact discovery deadlines**: Fact discovery (including depositions) to close on July 27, 2026.
- **Expert discovery deadlines**: Initial expert disclosures are due June 12, 2026. Rebuttal expert disclosures are due July 13, 2026. Close of expert discovery (including depositions) is September 25, 2026.
- **Dispositive motion deadlines:** Dispositive motions are due on October 26, 2026. Oppositions to dispositive motions are due on November 24, 2026. Reply briefs in support of dispositive motions are due on December 17, 2026.
- **Joint Pretrial Order** is due 30 days after dispositive motions are resolved.

**IT IS SO ORDERED**.

[signature]

**UNITED STATES MAGISTRATE JUDGE**

**DATED:** February 17, 2026