**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

GOLDEN ENTERTAINMENT, INC.,

      Plaintiffs,

      v.

FACTORY MUTUAL INSURANCE
COMPANY,

      Defendant.

Case No.: 2:21-cv-00969-CDS-EJY

**ORDER**

The Court has before it Factory Mutual Insurance Company's Motion for Leave to File Under Seal Its Motion for Reconsideration of Order.[1] ECF No. 187.  FMIC files the Motion "under protest" and "solely because it is required to do so to comply with the Protective Order and the Local Rules." *Id*. at 2.  FMIC argues the exhibits at issue do not warrant sealing under the compelling reason standard established in *Kamakana v. City & County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).  *Id*. FMIC says it is Golden Entertainment, Inc. that must justify why each of the documents should remain sealed.[2]  *Id*. at 2-3.

Golden Entertainment first argues that the good cause, not compelling reason standard applies to the Court's analysis of the sealing request as the documents are attached to a non-dispositive motion.  ECF No. 193 at 2.  Golden further contends "Exhibits 1 and 2 plainly constitute[] Protected Material and satisf[y] … the good cause standard for sealing documents …."  *Id*.  These documents, "confidential litigation funding arrangements," are said to contain "bespoke financing terms, confidential financial information, and trade secrets" the disclosure of which would harm Golden and 'Interested Parties' competitive and negotiating position."  *Id*. at 2-3.

Golden contends the redacted portions of Exhibit 7 contains confidential litigation funding information and, thus, is properly sealed.

---

[1] Factory Mutual Insurance Company is referred to herein as "FMIC,"
[2] Golden Entertainment, Inc. is referred to herein as "Golden Entertainment" or "Golden."

1

Regarding Exhibits 9, 10, 15, and 16, each an invoice, Golden states FMIC mistakenly argued that filing redacted versions of these documents on the publicly available docket would have eliminated the need to file a motion to seal. *Id.* at 4. Redacted documents filed on the public docket must be simultaneously filed under seal in an unredacted form. LR IC 6-1. Moreover, Golden cites case law holding "billing rates" that are confidentially negotiated and appear in billing records are properly sealed. *Id. citing Nexrf Corp. v. Playtika, Ltd*, Case No. 3:20-cv-00603-MMD-CLB, 2022 WL 625126, at *1 n.4 (D. Nev. Mar. 2, 2022); *Nike, Inc. v. Fujian Jialaimeng Shoes Co.*, Case No. 2:17-cv-00516-GMN-GWF, 2020 WL 137382, at *3 (D. Nev. Jan. 13, 2020); *Mine O'Mine, Inc. v. Calmese*, Case No. 2:10-cv-00043-KJD-PAL, 2012 WL1279827, at *4 (D. Nev. Apr. 16, 2012) (granting a motion to seal "billing records which contain negotiated billing rates").

## I.   Discussion

Well settled law establishes a strong presumption in favor of public access to judicial filings and documents. *Nixon v. Warner Communication, Inc.,* 435 U.S. 589, 597 (1978); *Kamakana*, 447 F.3d at 1178; *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003). As the court in *Kamakana* explains "compelling reasons must be shown to seal judicial records attached to a dispositive motion." 447 F.3d at 1179 *citing Foltz*, 331 F.3d at 1136 (internal quote marks omitted). The Ninth Circuit has "'carved out an exception to the presumption of access' to judicial records, *Foltz*, 331 F.3d at 1135, for a '*sealed discovery document* [attached] to a *nondispositive* motion,' such that 'the usual presumption of the public's right of access is rebutted.' *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002).'" *Id*. (brackets and emphasis added in *Kamakana*). "A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Id*. at 1180 *citing Foltz*, 331 F.3d at 1135.

"For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips*, 307 F.3d at 1210-11 (citing *Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)). The party must make a particularized showing of good cause with respect to each individual document. *San Jose Mercury News, Inc. v. United States Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999). "If a court finds particularized harm will result from disclosure of information to the public, then it balances the

2

public and private interests to decide whether a protective order is necessary." *Phillips*, 307 F.3d at 1211 (citing *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)).

Here, the Court carefully reviewed Exhibits 1, 2, 7, 9, 10, 15, and 16 to the Motion for Reconsideration filed under seal at ECF No. 188. The Court found the redactions to Exhibit 7 are appropriately made as the information is proprietary and disclosure to the public is unwarranted. Good cause to seal Exhibit 7 is established. This Exhibit is and shall remain sealed.

With respect to Exhibits 1 and 2, the Court is unable to hold that good cause exists. While the Court agrees that confidential financial information is appropriately sealed, Golden seeks to seal the entirety of the agreements that are Exhibits 1 and 2. There is no support for the contention that these exhibits contain trade secrets or that the entirety of these documents contain anything "bespoke." Golden fails to establish good cause for maintaining the entire agreements at Exhibits 1 and 2 under seal. The Court will maintain Exhibits 1 and 2 provisionally under seal and provide Golden an opportunity to either redact portions of these exhibits and file the redacted versions of Exhibits 1 and 2 on the publicly available docket or supplement their argument regarding these exhibits.

Finally, Exhibits 9, 10, 15 and 16 do not contain any negotiated billing rates or other negotiated terms. ECF Nos. 188-10, 188-11, 188-16, 188-17. Moreover, Exhibits 9, 10, 15 and 16 are inexplicably filed with redactions under seal. *Id*. Unless justified in a supplement, unredacted versions these documents are to be filed under seal. Further, while certain redactions to these exhibits were agreed to by the parties, Golden does not explain why totals, which reveal nothing about billing rates or any other negotiated information, are properly filed under seal. The citations to case law discussing *negotiated* billing rates that appears in Golden's submission at ECF No. 193 at 4-5 are unpersuasive and offers no "good reason" for the redactions made to these exhibits. Golden does not discuss in any detail why filing these exhibits with totals shown poses any danger to them or to the law firm that submitted the documents to Golden. District courts have refused to seal documents relating to total hours and total fees paid to attorneys. *See Ferrington v. McAfee, Inc.*, Case No. 10-cv-01455-LHK, 2013 WL 3814474, at *2 (N.D. Cal. July 22, 2013) *citing Travelers Prop. Cas. Co. of Am. v. Centex Homes*, Case No. 11-3638-SC, 2013 WL 707918, at *1

(N.D. Cal. Feb. 26, 2013). Once again, these documents will be provisionally sealed to allow Golden time to reconsider whether total amounts are appropriately sealed and, if not, Golden may refile the documents on the publicly available docket with redactions to the totals removed.

**II.     Order**

Accordingly, IT IS HEREBY ORDERED that Factory Mutual Insurance Company's Motion for Leave to File Under Seal Its Motion for Reconsideration of Order (ECF No. 187) is GRANTED in part and DENIED without prejudice in PART.

IT IS FURTHER ORDERED that Exhibit 7, at ECF No. 188-8 is and shall remain sealed.

IT IS FURTHER ORDERED that Golden Entertainment **must** either (1) redact Exhibits 1 and 2 (ECF Nos. 188-2 and 188-3) and file the redacted versions of the documents on the publicly available docket or submit supplemental briefing explaining why every single section—indeed word—contained in these documents must be filed under seal.

IT IS FURTHER ORDERED that Golden Entertainment **must** either (1) remove redactions to totals and file ECF Nos. 188-10, 188-11, 188-16, and 188-17 otherwise redacted on the publicly available docket, or (2) file supplemental briefing explaining why the totals currently redacted are properly sealed.

IT IS FURTHER ORDERED that Golden Entertainment **must** either (1) file redacted versions of Exhibits 1 and 2, or (2) file supplemental briefing no later than **May 28, 2026**.

IT IS FURTHER ORDERED that, unless justified in a supplement, unredacted versions (as to totals) of ECF Nos. 188-10, 188-11, 188-16, 188-17 are to be filed under seal no later than **May 28, 2026**.

Dated this 14th day of May, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE