Mark J. Connot, Esq.
Nevada Bar No. 10010
Connot Law Office PLLC
mconnot@connotlaw.com
8965 S. Eastern Ave., Suite 382
Las Vegas, NV 89123
Telephone: (702) 603-5445

Steven D. Turner, Esq.*
sturner@jonesturner.com
Mariyetta Meyers-Lopez, Esq.*
mmeyers@jonesturner.com
JONES TURNER, PC
2 Venture, Suite 420
Irvine, California 92618
Telephone: (949) 435-4100
Facsimile: (949) 435-4105

*Admitted pro hac vice*

Attorneys for Defendant
FACTORY MUTUAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GOLDEN ENTERTAINMENT, INC.<br><br>        Plaintiff,<br><br>v.<br><br>FACTORY MUTUAL INSURANCE COMPANY,<br>        Defendant, | Case No. 2:21-cv-00969-CDS-EJY<br><br>**STIPULATION AND [PROPOSED] ORDER TO STAY DISCOVERY AND VACATE THE DEADLINES IN THE SCHEDULING ORDER ECF NO. 174–175 (AS AMENDED BY ECF NOS. 179, 183, 185 and 208) PENDING RESOLUTION OF DEFENDANT'S MOTIONS FOR CLARIFICATION [ECF NO. 177], RECONSIDERATION [ECF NO. 188] AND FOR AN ORDER TO SHOW CAUSE [ECF NO. 210]** |

1

Plaintiff Golden Entertainment, Inc. ("Golden") and Defendant Factory Mutual Insurance Company ("FMIC") (collectively, the "Parties") hereby submit this stipulation and respectfully request the Court to stay discovery and vacate the deadlines set in the Court's Discovery Plan and Scheduling Order (ECF No. 174–175), as amended by the stipulated Orders (ECF Nos. 179, 183, 185 and 208) (collectively "Scheduling Order"), pending resolution of FMIC's Motion for Clarification and Reconsideration (ECF No. 177), FMIC's Motion for Reconsideration (ECF No. 188), and FMIC's Motion for Order to Show Cause Why the Court Should Not Find That Plaintiff Golden Entertainment Inc. Has Violated the Stipulated Order Governing Confidential Information [ECF NO. 92] (ECF No. 210) ("OSC Motion") (collectively, "FMIC's Motions").

The Parties submit that staying discovery and vacating the deadlines in the Scheduling Order pending resolution of FMIC's Motions is in the interests of the Parties and judicial economy and is consistent with the Court's direction at the September 24, 2025 hearing. (*See* ECF No. 175:10:19–22, 13:15–16 [inviting the Parties to bring to the Court's attention a need to extend any of the dates set by the Court during the September 24, 2025 hearing].)

The Parties hereby stipulate and respectfully request the Court to stay discovery and vacate the deadlines in the current Scheduling Order, ECF No. 208, pending resolution of FMIC's Motions as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Date for FMIC to amend its pleading and add parties | Deadline vacated pending resolution of FMIC's Motion for Reconsideration (ECF No. 188). | Deadline vacated pending resolution of FMIC's Motions (ECF Nos. 177, 188, 210). |
| Initial expert disclosures | 07/31/2026 | Deadline vacated pending resolution of FMIC's Motions (ECF Nos. 177, 188, 210). |
| Rebuttal expert disclosures | 08/19/2026 | Deadline vacated pending resolution of FMIC's Motions (ECF Nos. 177, 188, 210). |
| Close of fact discovery | 08/31/2026 | Deadline vacated pending resolution of FMIC's Motions (ECF Nos. 177, 188, 210). |
| Close of expert discovery | 09/25/2026 | Deadline vacated pending resolution of FMIC's Motions (ECF Nos. 177, 188, 210). |

| Dispositive motions due | 10/26/2026 | Deadline vacated pending resolution of FMIC's Motions (ECF Nos. 177, 188, 210). |
|---|---|---|
| Oppositions to dispositive motions due | 11/24/2026 | Deadline vacated pending resolution of FMIC's Motions (ECF Nos. 177, 188, 210). |
| Reply briefs in support of dispositive motions are due | 12/17/2026 | Deadline vacated pending resolution of FMIC's Motions (ECF Nos. 177, 188, 210). |
| Joint Pretrial Order due | 30 days after dispositive motions are resolved | No change - 30 days after dispositive motions are resolved |
| Motion to compel deadline | No change from ECF No. 183 | Deadline vacated pending resolution of FMIC's Motions (ECF Nos. 177, 188, 210). |

In support thereof, the Parties state as follows:

1.  No trial date has been set in this matter.

2.  This is the Parties' eighth joint request for an extension of discovery deadlines.

3.  This case was removed to this Court on May 20, 2021. (ECF No. 1.)

4.  This case was stayed by the Court on March 30, 2022 pending the outcome of *Circus Circus LV, LP v. AIG Specialty Ins. Co.*, Case No. 21-15367 (9th Cir. argued Mar. 9, 2022) (ECF No. 66); that stay was extended pending the outcome of *Starr Surplus Lines Ins. Co. v. JGB Vegas Retail Lessee, LLC* ("*JGB*"), Case No. 84986 (Nev. July 29, 2022). (ECF No. 77.)

5.  On August 22, 2023, the Court issued an order lifting the stay on discovery. (ECF No. 83.)

6.  On February 16, 2024, Golden filed its Second Amended Complaint ("SAC").

7.  On January 8, 2025, the Court granted FMIC's motion to dismiss the SAC in part, with leave to amend. (ECF No. 126.)

8.  On January 22, 2025, Golden filed its currently operative Third Amended Complaint ("TAC"). (ECF No. 128.) The TAC asserts a single cause of action against FMIC for tortious breach of the implied covenant of good faith and fair dealing.

9.  On January 29, 2025, the Court adopted the Parties' Joint Proposed Discovery Plan and Scheduling Order. (ECF No. 129.)

3

10.     On February 6, 2025, FMIC moved to dismiss Golden's TAC ("MTD"). (ECF No. 136.) Golden opposed the MTD. (ECF No. 139.) FMIC filed its reply on March 13, 2025. (ECF No. 140.)

11.     On February 3, 2025, the Court granted the Parties' joint stipulation to stay FMIC's responsive pleading deadline until 14 days after the Court ruled on FMIC's MTD. (ECF No. 135.)

12.     On February 10, 2025, FMIC served Requests for Production, Set One, on Golden. On March 12, 2025, Golden served its objections and responses to that discovery. On March 17, 2025 Golden produced certain documents and served a privilege log. Golden also produced documents on April 11, 2025, and May 9, 2025.

13.     On February 12, 2025, FMIC served Interrogatories, Set One on Golden. On March 14, 2025, Golden served its objections and responses to that discovery.

14.     On June 4, 2025, FMIC issued a subpoena to Federal Rule of Civil Procedure 30(b)(6) Designee of Marsh & McLennan Insurance Agency LLC ("Marsh"). That subpoena was served on June 5, 2025.

15.     On June 19, 2025, FMIC served Interrogatories, Set Two and Requests for Production, Set Two on Golden.

16.     On June 20, 2025, FMIC served Requests for Admission, Set One, on Golden.

17.     On June 23, 2025, FMIC issued (a) a Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action on the Custodian of Records for Stout Risius Ross, LLC ("Stout"), and (b) a Subpoena to Testify at a Deposition in a Civil Action to Federal Rule of Civil Procedure 30(b)(6) Designee of Stout. Those subpoenas were served on June 25, 2025.

18.     Stout, Marsh, and Golden have raised objections regarding the third-party subpoenas, and FMIC disputes the validity of those objections. The Parties have agreed to table these disputes until after Golden's supplemental production and resolution of any discovery disputes regarding same.

19.     On June 25, 2025, the Parties filed a Stipulation to Stay Discovery and Scheduling Order Pending Resolution of Motion to Dismiss. (ECF No. 155.)

20.     On June 26, 2025, the Court entered an Order staying discovery and deadlines set in

the stipulated Discovery Plan and Scheduling Order adopted by the Court on January 29, 2025, pending resolution of FMIC's MTD. (ECF No. 156.) Per that Order, within 14 days of FMIC's responsive pleading to the TAC, the Parties would file a revised proposed Joint Discovery Plan and Scheduling Order proposing dates for discovery cut-off, initial and rebuttal expert disclosures, and all deadlines thereafter.

21. Pursuant to the Parties' agreement, any motions to compel discovery would be stayed pending the Court's issuance of a revised Discovery Plan and Scheduling Order.

22. On July 21, 2025, the Court issued the Order on FMIC's MTD. (*See* Order Granting in Part Defendant's Motion to Dismiss, Denying Defendant's Motion for Order to Show Cause, and Denying as Moot Plaintiff's Motion to Strike, ECF No. 158.)

23. On August 4, 2025, Golden filed its motion to seal its updated certificate of interested parties ("Motion to Seal"). (*See* ECF Nos. 159, 164, 168.)

24. On August 4, 2025, FMIC filed its Answer to the TAC. (ECF No. 161.) FMIC filed its First Amended Answer to the TAC on August 25, 2025. (ECF No. 167.)

25. On August 18, 2025, the Parties filed a Joint Proposed Discovery Plan and Scheduling Order and requested Special Scheduling Review pursuant to LR 26-1. (ECF No. 165.) FMIC filed a notice of errata regarding the same on August 25, 2025. (ECF No. 169.)

26. The Court scheduled a hearing for September 24, 2025 to "address the scope of discovery in light of the Court's July 21, 2025 Order granting in part and denying in part Factory Mutual Insurance Company's Motion to Dismiss. ECF No [158]. Efforts will be made to avoid motion practice regarding some, if not all, issues raised by Factory Mutual in the proposed discovery plan and scheduling order." (ECF Nos. 166, 173.)

27. On August 25, 2025, Golden served its objections and responses to FMIC's Interrogatories, Set Two, Requests for Admission, Set One, and Requests for Production, Set Two. Golden also produced certain documents.

28. The Court held the discovery hearing on September 24, 2025, during which it set the then-operative Scheduling Order dates. The Court advised that the Scheduling Order dates were a "reasonable" starting point and noted that "if things develop such that extensions are needed, these

are not cast in concrete or anything else that's immovable." (ECF No. 175 at 10:19-22.)

29. On October 17, 2025, FMIC filed its Motion for Clarification and Reconsideration. That motion has been fully briefed. (ECF Nos. 177, 180, 181.) The Court has not yet ruled on that motion.

30. Following multiple meet and confer discussions after the September 24, 2025 hearing, on October 20, 2025, Golden contacted FMIC regarding discovery. Golden advised FMIC that while Golden preserved its objections to FMIC's discovery requests, Golden agreed to "conduct reasonable searches for and produce all non-privileged, non-protected documents reasonably available to Golden that are responsive to the RFPs identified in FM's October 10 letter," notwithstanding its objections. Golden also stated that it "will also amend its Interrogatory responses accordingly" and provide an updated privilege log.

31. At that time, Golden estimated completing its supplemental production and response process within 60 days of its October 20, 2025 letter, subject to modification, as necessary.

32. In light of Golden's commitment to make supplemental production(s) and written discovery responses, and the Parties' pending motions with the Court that could impact potential motion(s) to compel, on October 22, 2025, the Parties filed a stipulation and proposed order to vacate the previously scheduled motion to compel deadline. (Stipulation, ECF No. 178; *see* Minutes of Proceedings of 9/24/25 [setting the motion to compel deadline for "already responded to discovery"]; Tr. of 9/24/2025 discovery hearing, ECF No. 175 [setting dates].) On October 23, 2025, the Court entered its Order pursuant to the Parties' stipulation. The Court ordered the Parties to provide a new motion to compel deadline (if needed) within 15 days of the events set forth in the Parties' stipulation, whichever is later. (ECF No. 179).

33. The Parties subsequently met and conferred regarding the remaining deadlines under the then-current Scheduling Order. In light of the foregoing, and after taking end-of-the-year holidays into account, the Parties agreed that it would be prudent to revise that Scheduling Order and to continue most of the scheduled dates by 77 days and submitted a joint "Stipulation and [Proposed] Order to Revise the Scheduling Order ECF No. 174-175 (as amended by ECF No. 179)" on that basis. (ECF No. 182.)

34.    On November 20, 2025, this Court entered the "Stipulation and [Proposed] Order to Revise the Scheduling Order ECF No. 174-175 (as amended by ECF No. 179)" (ECF No. 183.)

35.    Golden completed its supplemental production of documents between December 31, 2025 and January 13, 2026, producing over 100,000 pages of materials.

36.    On January 26, 2026, Golden's counsel sent a letter to FMIC's counsel in response to FMIC's request for information about how Golden's productions are organized.

37.    On February 5, 2026, Golden served its Second Amended Responses and Objections to FMIC's Requests for Production, Sets One and Two; Golden's Amended Responses to Requests for Admission, Set One; and Golden's Amended Responses and Objections to Interrogatories, Sets One and Two.

38.    On February 5, 2026, Golden also produced additional documents to FMIC.

39.    On March 11, 2026, the Court issued its ruling on the Motion to Seal (ECF No. 186).

40.    On April 6, 2026, Golden served a Revised Supplemental Privilege Log and an additional document (GLDN_107531-GLDN_0107551).

41.    On April 24, 2026, FMIC filed its Motion for Reconsideration of Order regarding ECF No. 186 under seal (ECF No. 188), which is fully briefed.  (*See* ECF Nos. 187 through 200.)

42.    FMIC's counsel is in the process of (1) reviewing and digesting Golden's recent 100,000+ page production so that it can provide relevant material to its experts for consideration, and meaningfully prepare for and conduct percipient depositions and (2) determining whether Golden's production is fully responsive to FMIC's document requests, whether the associated privilege log is proper and/or whether further meet/confer conferences or motions to compel will be required.

43.    On July 2, 2026, FMIC filed its OSC Motion (ECF No. 210).  That motion will be fully briefed by July 23, 2026.

44.    No depositions have been taken yet by either party.  In light of the current discovery deadlines, the Parties have noticed the following depositions:

      a.  Golden: FMIC's Duhavid Torres for July 20, 2026;

      b.  Golden: FMIC's Lorena Rodriguez for July 24, 2026;

      c.  Golden: FMIC's Rule 30(b)(6) witness for July 28, 2026;

     d.   FMIC: Golden's Katherine Roden for July 27, 2026;

     e.   FMIC: Golden's Charles Protell for July 29, 2026;

     f.   FMIC: Golden's Phyllis Gilland for July 30, 2026.

45.     The Court has not yet ruled on FMIC's Motions (ECF Nos. 177, 188, 210).

46.     Courts have "broad discretionary power to control discovery," particularly when the parties stipulate. (*Miller v. Republic Silver State Disposal, Inc.*, 2022 WL 4355595, at *1 (D. Nev. Sept. 19, 2022), citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).) The Court's approval/grant of this Stipulation and Order will not impede, and in fact will promote, the resolution of FMIC's Motions (ECF Nos. 177, 188, 210).

47.     The Parties agree that good cause exists to stay discovery and continue the stipulated deadlines in the current Scheduling Order pending resolution of FMIC's Motions. Resolution of FMIC's Motions could narrow the issues in the subject action and will have a direct and substantial impact on the scope of the remaining discovery in this case, including, among other things, the Parties' written discovery to each other, individual and 30(b)(6) depositions, and expert discovery. The Court's decisions on FMIC's Motions will significantly reduce discovery disputes and related motion practice (including immediate anticipated motion practice concerning Golden's noticed depositions that will otherwise be resolved by the Court's rulings on FMIC's Motions), thereby saving significant time and associated expense for the Parties, as well as this Court's resources. *See, e.g.*, *Alexander v. Costco Wholesale Corp.*, 2023 WL 4785045, at *1-2 (D. Nev. July 27, 2023) (granting stipulated motion to stay discovery pending outcome of motion because "it would be an inefficient use of resources to engage in additional discovery prior to the Court's ruling") (citing *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011)); *Miller*, 2022 WL 4355595, at *2 (granting stipulated motion to stay discovery where "requiring the parties to engage in discovery until the pending motions are resolved would not be efficient"); *Bier v. Ashley Furniture Indus., LLC*, 2024 WL 1674166, at *1 (D. Nev. Apr. 17, 2024) (granting stipulated stay of discovery where a discovery stay would "prevent unnecessary costs and resources from being expended," and would "result in economies and efficiencies for both the parties and the Court upon the Court's decision(s)"). Once the Court resolves FMIC's Motions, the Parties may proceed with completing discovery according to

the Court's rulings.

48.     Therefore, Golden and FMIC respectfully submit that staying discovery and vacating the deadlines in the Scheduling Order pending resolution of the Motions as discussed herein would be prudent, prevent waste of the Parties' time and resources, and promote judicial economy. (*See* Tr. of 9/24/2025 discovery hearing, ECF No. 175 [inviting the Parties to bring to the Court's attention a need to extend any of the dates set by the Court during the September 24, 2025 hearing].)

49.     Wherefore, the Parties respectfully request that the Court stay discovery and vacate the deadlines in the current Scheduling Order pending resolution of FMIC's Motions (ECF Nos. 177, 188, 210). The Parties further submit that within 14 days of the Court's resolution of all three Motions, the Parties will file a revised proposed Joint Discovery Plan and Scheduling Order proposing dates for discovery cut-off, initial and rebuttal expert disclosures, and all deadlines thereafter.

Respectfully Submitted: July 10, 2026.

| | |
|---|---|
| /s/***Corey D. McGehee*** | /s/***Steven D. Turner*** |
| Corey D. McGehee, Esq. (*PHV*) | Steven D. Turner, Esq. (*PHV*) |
| Brook B. Roberts, Esq. (*PHV*) | Mariyetta A. Meyers-Lopez, Esq. (*PHV*) |
| John M. Wilson, Esq. (*PHV*) | JONES TURNER, P.C. |
| Christine G. Rolph, Esq. (*PHV*) | |
| LATHAM & WATKINS LLP | /s/***Mark J. Connot*** |
| | Mark J. Connot, Esq. |
| Frank M. Flansburg III, Esq. | CONNOT LAW OFFICE PLLC |
| BROWNSTEIN HYATT FARBER | |
| SCHRECK, LLP | *Attorneys for Defendant* |
| | *Factory Mutual Insurance Company* |
| *Attorneys for Plaintiff* | |
| *Golden Entertainment, Inc.* | |

**Pursuant to the Stipulation of the Parties herein, the Court orders as follows:**

1.     Discovery in this action is stayed and the deadlines in the current Discovery Plan and Scheduling Order are vacated pending resolution of FMIC's Motion for Clarification and Reconsideration (ECF No. 177), FMIC's Motion for Reconsideration (ECF No. 188), and FMIC's Motion for Order to Show Cause Why the Court Should Not Find That Plaintiff Golden Entertainment Inc. Has Violated the Stipulated Order Governing Confidential Information [ECF NO. 92] (ECF No. 210). Within 14 days of the Court's resolution of all three motions, the Parties will file a revised proposed Joint Discovery Plan and Scheduling Order proposing dates for discovery cut-off, initial and rebuttal expert disclosures, and all deadlines thereafter.

**IT IS SO ORDERED**.

_____

**UNITED STATES MAGISTRATE JUDGE**

**DATED:** ___July 10, 2026_____