**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

***

GOLDEN ENTERTAINMENT, INC.,

Plaintiffs,

v.

FACTORY MUTUAL INSURANCE COMPANY,

Defendant.

Case No.: 2:21-cv-00969-CDS-EJY

**ORDER**

The Court has before it Factory Mutual Insurance Company's Motion for an Order to Show Cause Why the Court Should Not Find Golden Entertainment has Violated the Stipulated Order Governing Confidential Information, Request for Interim Protective Measures, Limited Discovery, and Evidentiary Hearing. ECF Nos. 210 (sealed); 211 (redacted) (title cleaned up and shortened).[1] The Court considered FMIC's Motion, Golden's Opposition (ECF Nos. 215 (sealed) and 216 (redacted)), and FMIC's Reply (ECF Nos. 224 (sealed), 225 (redacted)).

Simplifying the issue presented, FMIC contends Golden violated the terms of the parties' Stipulated Order Governing Confidential Information (ECF No. 92).[2] FMIC argues, based on what appears to be mostly belief and future possibilities, that its confidential, proprietary, and trade secret information has been, will be, or at least could be widely disseminated in a manner that would cause substantial and permanent harm to the company. Golden responds that Factory Mutual's claims are unsupported, grossly exaggerated, just plain wrong, and in bad faith. The Court does not address every argument presented by the parties.[3]

---

[1] Factory Mutual Insurance Company is referred to herein as "FMIC" or "Factory Mutual." Golden Entertainment, Inc. is referred to herein as "Golden."

[2] The Stipulated Order Governing Confidential Information is referred to herein as the "Stipulated Confidentiality Order," the "Order" or the "SCO."

[3] *Salinas v. City of San Jose*, Case No. 5:09-cv-04410 EJD, 2011 WL 3739555, at *3 (N.D. Cal. Aug. 23, 2011) ("[T]he fact [that] the court did not address every point or every case cited ... does not equate to a failure to consider dispositive arguments ....") (brackets in original); *Dade v. Wands*, Civil Action No. 11-cv-00430-WJM-MJW, 2012 WL 1207150, at *1 (D. Colo. Apr. 11, 2012) ("There is no requirement for a court to specifically address each and every argument raised by a party in papers filed with the Court.").

## I. Discussion

The "Basic Principles" of the Stipulated Confidentiality Order allow for "Protected Materials," as defined in the SCO, to be "disclosed only to the categories of persons and under the conditions described" in the Order. ECF No. 92 § 7.1. This same paragraph provides that if Protected Materials are sought by a non-party to the litigation, "and/or for purposes other than prosecuting, defending, or attempting to settle this [l]itigation, then" Protected Materials cannot be disclosed without a court order. *Id*.

Section 7.2 of the SCO defines those to whom "Confidential" Protected Materials may be disclosed as including: outside counsel and those employed by outside counsel to the extent necessary; officers, directors, and employees (including in-house counsel) of a party as necessary; experts who have signed the Acknowledgment and Agreement to be Bound (the "Acknowledgment"); the Court and its staff; "professional vendors to whom disclosure is reasonably necessary" so long as such vendor has signed the Acknowledgment; witnesses during deposition so long as the witness has signed the Acknowledgment; and the "author and/or recipient of the document or the original source of the information contained herein." Section 7.3 defines those to whom disclosure of "Highly Confidential–Attorneys' Eyes Only" materials may be made. This group includes: in-house counsel; outside counsel and their employees as reasonably necessary; experts who have signed the Acknowledgment; the Court and its employees assisting with the litigation; professional vendors who have signed the Acknowledgment; and the "author and/or recipient of the document or the original source of the information contained therein."

Section 9 of the SCO establishes the steps that must be taken if a party receiving Confidential or Highly Confidential materials learns of a disclosure, "by inadvertence or otherwise," to anyone "not authorized under" the Order to receive such materials. This procedure requires that party to: (1) "immediately notify" the designating party "of the unauthorized disclosure"; (2) use "best efforts to retrieve all copies" of the Protected Materials; (3) tell the individuals who were not authorized to receive Protected Materials about the terms of the SCO; and (4) request those individuals sign the Acknowledgment.

The Acknowledgment (Exhibit A to the SCO) is a declaration in which the signer attests to having read the Stipulated Confidentiality Order, submits to the Court's jurisdiction, and agrees that he/she/it is bound by the terms of the Order. The Court finds the Acknowledgment does not expand the list of authorized recipients; nor does a signature on the Acknowledgment automatically turn an unauthorized recipient into an authorized recipient. The Acknowledgment is meant to bind those who are authorized to receive Protected Materials, but are not signatories to the Stipulated Confidentiality Order, to the Order's terms.

Here, there is no doubt that sometime in 2024 (the Court could not locate an exact date) Golden disclosed Protected Materials to an individual or entity not listed in Sections 7.2 or 7.3 of the Stipulated Confidentiality Order and that individual or entity disclosed Protected Materials to at least one other unauthorized recipient (each an "Unauthorized Recipient" and collectively the "Unauthorized Recipients"). Golden says there was only the one disclosure and it was for purposes related to this litigation. Setting aside whether the disclosure was "and/or for purposes other than prosecuting, defending, or attempting to settle this [l]itigation" as stated in Section 7.1 of the Order, the Court finds the disclosure was made other than to those to whom the SCO identifies Protected Materials may be disclosed. The disclosure was not "inadvertent," but "otherwise," and Golden did not inform FMIC of the disclosure until long after it occurred. Through a declaration, Golden attempts to assure FMIC that those who received the Protected Materials are not FMIC's competitors. The declarant further states that he is "informed" that the Unauthorized Recipients have not further disclosed the Protected Materials. Golden says no Unauthorized Recipient "intends" to sell or transfer Protected Materials or other interests, and that those to whom the disclosure was made have, as of June 2026, signed the Acknowledgement. Golden also says that "best efforts" were employed by all Unauthorized Recipients "to delete" all the Protected Materials received.

While it may be true that FMIC's reaction to learning Protected Materials were disclosed to the Unauthorized Recipients may be somewhat overblown, it is also true that Golden failed to comply with the Stipulated Confidentiality Order. Golden's focus on disclosure of information it seeks through FMIC's Motion for Reconsideration is not the issue before the Court. Likewise,

Golden's substantive position regarding the underlying surviving claims is not being debated by the instant Motion. Instead, the focus is solely how the Court should respond to Golden's disclosure of Protected Materials to the Unauthorized Recipients and failure, at the time of disclosure, to notify FMIC.

Despite FMIC's clear distrust of the representations made and assurances given in the declaration offered by Golden, the Court finds officers of the Court are generally truthful and rarely risk referral to the applicable state bar that could result from an intentional misrepresentation in a declaration submitted for consideration by a federal judge. Plaintiff's counsel have not, over years of appearances before the District of Nevada, demonstrated they or their firms are unworthy of trust.

The Court finds there is no basis to believe any Protected Materials were disseminated other than as described. The Court accepts counsel's representation that "best efforts" were used to delete such materials. Nonetheless, the Court finds further remedial measures are appropriately taken.

## II. Order

Accordingly, IT IS HEREBY ORDERED that Defendant Factory Mutual's Motion for an Order to Show Cause, Interim Protective Measures, Limited Discovery, and Evidentiary Hearing (ECF Nos. 210 (sealed); 211 (redacted)) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Golden must file with the Court under seal, *in camera*, and without redactions:

- a copy of each Acknowledgment signed by every Unauthorized Recipient of Protected Materials referenced in Factory Mutual's instant Motion for Order to Show Cause or Golden's Opposition thereto.
- a declaration authored by each Unauthorized Recipient: (i) describing what Protected Materials were received, when the Protected Materials were received, and what, if anything, the declarant did with the Protected Materials upon receipt; (ii) detailing what and when efforts were taken to delete Protected Materials received; (iii) confirming no copies of Protected Materials were kept by the Unauthorized Recipient; (iv) confirming not only that there is no intent to sell or transfer Protected Materials or other interests, but there is no plan to sell and that the declarant will not sell unless he/she/it provides at

least ten business days advance notice to Golden; and (iv) affirming no Protected Materials received were shared in any format with any other person or entity.

IT IS FURTHER ORDERED that Golden, together with outside counsel Latham & Watkins, must provide Factory Mutual with a spreadsheet listing the Bates number, title, and date each document was disclosed to each Unauthorized Recipient.

IT IS FURTHER ORDERED that the Acknowledgements and declarations must be filed with the Court, and the spreadsheet must be provided to Factory Mutual, no later than **August 20, 2026**. The Court will review the information provided and decide whether any further action is required to ensure the confidentiality of Factory Mutual's Protected Materials and compliance with the Stipulated Confidentiality Order by Golden.

IT IS FURTHER ORDERED that if Golden receives notice from an Unauthorized Recipient of his/her/its intent to sell or intent to enter into an agreement to sell, Golden must, no later than 24 hours later—regardless of the day of the week—provide electronic (email) notice to Factory Mutual's counsel. If notice is on a non-business day, Golden must confirm receipt on the first business day following the day notice is provided.

IT IS FURTHER ORDERED that no Protected Materials may be disclosed by Golden to any entity or individual except those identified in Sections 7.2 and 7.3 of the Stipulated Confidentiality Order including, but not limited to any of the previously identified Unauthorized Recipients, without prior notice to Factory Mutual and permission of the Court.

IT IS FURTHER ORDERED that the request to show cause is satisfied by Golden's Opposition to the Motion for Order to Show Cause and, therefore, this request is DENIED.

IT IS FURTHER ORDERED that the request for an evidentiary hearing is DENIED.

IT IS FURTHER ORDERED that to the extent Factory Mutual seeks the identity of the Unauthorized Recipients, the request is DENIED. This issue will be addressed in the order resolving the Motion for Reconsideration.

IT IS FURTHER ORDERED that if the parties have any disagreement about the meaning or application of the Stipulated Confidentiality Order they are to file a joint request for hearing so that future motion practice regarding the same may be avoided.

IT IS FURTHER ORDERED that Factory Mutual Insurance Company's Motion to Strike, and Alternatively, Evidentiary Objections to and Request for the Court to Disregard, Portions of the Declaration of Corey D. McGehee (ECF Nos. 222 and 223), sealed and redacted) is DENIED as moot.[4]

Dated this 27th day of July, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

---

[4] The Court recognizes Factory Mutual Insurance Company takes issue with representations made in the declaration offered by Golden Entertainment that are based on hearsay or information and belief. However, the Court finds it is able to consider these statements and weigh their value. Preclusion is not required in this non-dispositive setting. Federal Rule of Evidence ("FRE") 701, cited by Factory Mutual, does not apply as the declaratory statements are not offered as opinion evidence. Hearsay (FRE 801, 802, and 805) would not be permitted to establish a dispositive fact, but may be considered when making determinations of significance before the Court. *See*, *e.g.*, *Mullins v. City of N.Y.*, 626 F.3d 47, 52 (2d Cir. 2010) noting that "hearsay evidence may be considered by a district court in determining whether to grant a preliminary injunction" and that the fact that evidence is hearsay "goes to weight, not preclusion ….''). The Court considered the declaration for purposes of assessing how to proceed, not as conclusively establishing any representation, which is demonstrated by the detailed Order above requiring submissions of Acknowledgments and declarations by the Unauthorized Recipients. The Court finds its Order also satisfies Factory Mutual's concerns arising under FRE 901 and 1002 (if applicable). With respect to Plaintiff's objection under FRE 602, the Court notes the Ninth Circuit is clear that even at the summary judgment stage of proceedings a court may consider hearsay evidence submitted in a declaration or other "inadmissible form" so long as the underlying evidence could be provided in an admissible form at trial, such as by live testimony." *JL Beverage Company, LLC v. Jim Bean Brands Co.*, 828 F.3d 1098, 1110 (9th Cir. 2016) (internal citation omitted).