UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Golden Entertainment, Inc.,<br>Plaintiff<br>v.<br>Factory Mutual Insurance Company,<br>Defendant | Case No. 2:21-cv-00969-CDS-EJY<br>**Order Overruling Defendant's Objections to the Report and Recommendation of the Magistate Judge to Deny Defendant's Motion for Reconsideration, and Accepting the R&R in full**<br>[ECF No. 188, 189, 231, 232, 233] |

This is an insurance dispute between plaintiff Golden Entertainment, Inc. and defendant Factory Mutual Insurance Company (FMIC). On March 11, 2026, I granted Golden's motion to seal its updated certificate of interested parties. *See* Order, ECF No. 186. FMIC moved for reconsideration of that order. Mot., ECF No. 189.[1] On August 21, 2026, United States Magistrate Judge Elayna Youchah issued a report and recommendation (R&R) that I deny the reconsideration. R&R, ECF No. 231. The R&R addresses the many and varied arguments raised by FMIC. *See id.* Ultimately, the R&R rejected all of FMIC's arguments and found that the "good cause" standard set forth in *Kamakana* was properly applied, so reconsideration was not warranted. *Id.* at 14. As a result, the magistrate judge recommends I deny the reconsideration motion. *Id.* FMIC filed objections to the R&R. Objs., ECF Nos. 232, 233.[2] Golden filed a response asking this court to overrule the objections. Opp'n, ECF No. 234. For the reasons set forth herein, I overrule FMIC's objections and adopt the R&R in full.

---

[1] FMIC filed that motion both sealed (ECF No. 188) and unsealed (ECF No. 189). While I reviewed both ECF Nos. 188 and 189, I only refer to ECF No. 189 herein.

[2] FMIC also filed their objections sealed (ECF No. 232) and unsealed (ECF No. 233). While I reviewed both to resolve these objections, I only refer to 232 herein.

## I. Legal standard

A district court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636, Local Rule IB 3-2, and Federal Rule of Civil Procedure 72(b)(2), which require a party to file "specific written objections" to a R&R. A district court reviews *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). For an objection to be specific, a party must identify the finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the R&R where the disputed determination is located. *See Sullivan v. Schriro*, 2006 WL 1516005, at *2 (D. Ariz. May 30, 2006). However, objections that merely repeat the arguments already rejected by the magistrate judge must be overruled because "[o]bjections to a magistrate's Findings and Recommendations are not a vehicle for the losing party to relitigate the case." *Williams v. Navarro*, 2022 WL 16758479, at *1 (S.D. Cal. Nov. 8, 2022) (quoting *Hagberg v. Astrue*, 2009 WL 3386595, at *1 (D. Mont. Oct. 14, 2009)).

## II. Discussion

Much like its motion for reconsideration, FMIC's objections are lengthy—24 pages long[3]—but my de novo review of the objections reveal that they are not meritorous. Rather, as explained further herein, while styled as objections, FMIC lodges disagreements with Judge Youchah's reasoning in an attempt to relitigate the same arguments Judge Youchach considered, and rejected, in the R&R. Further, and oddly, as part of its briefing, FMIC objects to Judge Youchah addressing the very arguments it raised in its reconsideration motion. Finally, the motion complains that Judge Youchah did not address a discovery demand even though no discovery motion or request was filed. In sum, FMIC fails to meet its burden showing Judge Youchah's recommendation should not be adopted.

---

[3] The underlying motion was 27 pages long.

### A. FMIC's objections 1 and 3–8 which attack Judge Youchah resolving its motion for reconsideration of a motion to seal, instead of resolving a motion to discovery it never filed, fail.

As a threshold matter, the court must address FMIC's insistence that the magistrage judge did not address what it filed. A review of the docket shows precisely what it objected to:

| | |
|---|---|
| 189 | MOTION for Reconsideration re 186 Order on Motion to Seal by Defendant Factory Mutual Insurance Company. Responses are due by 5<br>Steven D. Turner, # 2 Exhibit 1 - CONFIDENTIAL, # 3 Exhibit 2 - CONFIDENTIAL, # 4 Exhibit 3 - Goldens Form 10-Q Report for the<br>Exhibit 4 - Goldens Form 10-Q Report for the quarterly period ended June 30, 2024, # 6 Exhibit 5 - Goldens Form 10-Q Report for the qu<br>Exhibit 6 - Goldens Form 10-Q Report for the quarterly period ended June 30, 2024, # 8 Exhibit 7 - April 2, 2026 through April 13, 2026<br>counsel and Goldens counsel, # 9 Exhibit 8 - FMICs Requests for Production to Plaintiff, Set One, # 10 Exhibit 9 - Lathams August 19, 2<br>Lathams September 12, 2022 invoice to Golden, # 12 Exhibit 11 - January 12, 2026 email from FMICs counsel to Goldens counsel, # 13<br>Goldens counsel to FMICs counsel, # 14 Exhibit 13 - Goldens Second Amended Responses and Objections to FMICs Requests for Produ<br>Supplemental Privilege Log dated January 13, 2026, # 16 Exhibit 15 - First pages of Lathams invoices to Golden produced to FMIC in Ja<br>Lathams invoices to redacted payee(s), # 18 Exhibit 17 - Goldens Supplemental Privilege Log revised April 6, 2026)(Turner, Steven) (DJ |
| 188 | *SEALED* SEALED MOTION for Reconsideration re 186 Order on Motion to Seal by Defendant Factory Mutual Insurance Company. |

FMIC did not file a motion to reconsider a discovery order, which makes sense as I did not decide a discovery motion. Rather, I resolved a motion to seal (ECF No. 186), so there would be no discovery order to reconsider. FMIC could have filed some other motion, like one to compel or for discovery, if it felt it was entitled to additional discovery, but it chose this route instead. In circular fashion, FMIC attempts to explain away why it opted for this failed route, asserting that the sealing order prematurely determined that certain matters were irrelevant, and that reconsideration of that order was warranted so that the court could withdraw those premature determinations, which would then allow FMIC to seek discovery into those matters through the normal course. *See, e.g.*, ECF No. 232 at 4–7. But FMIC's conclusion is flawed from the start because it is premised on its conclusion (and insistence) that it was entitled to something it failed to seek by way of a motion to compel or some other discovery motion, in conjunction with its motion for reconsideration of the sealing order. In light of how much briefing and discovery has been conducted on this issue, the court assumes, without deciding, that FMIC did not file a discovery motion because it could never meet its burden showing it was entitled to the discovery it demands.[4] And common sense dictates that there was no "discovery/relevance" "holding" in the order on the motion *to seal*. While the court discussed relevance generally in its

[4] If FMIC can meet its burden in bringing a discovery motion, the court may consider it.

sealing order, it has not decided that FMIC cannot obtain the discovery it seeks. Without a discovery holding, FMIC's attempt to force a foul by claiming Judge Youchah failed to address FMIC's discovery demand fails.

Further, and fatal to FMIC's position, is that my de novo review shows the R&R correctly recognized, analyzed, and rejected each of FMIC's specific arguments. *See* ECF No. 231. Even more, as to FMIC's continued discovery demands and arguments related to those demands, the conclusion specifically states "[t]he Court finds FMIC's arguments do not demonstrate that **newly discovered evidence** warrants reconsideration of the Court's decision to seal the CIP filed by Golden on August 4, 2025." *Id.* at 14 (emphasis added). Finally, Judge Youchah stated that the R&R did not foreclose FMIC from seeking its desired discovey. *Id.*

Having conducted a de novo review, I find that the law supports Judge Youchah's well-reasoned conclusions. And neither FMIC's discontentment with the R&R's reasoning and conclusions, nor relitigating the same arguments that were lodged and rejected in the R&R, demonstrate that reconsideration is warranted. *See Axon Enter., Inc. v. Luxury Home Buyers, LLC*, 711 F. Supp. 3d 1227, 1230 (D. Nev. 2024)[5] (a motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled) *see also Williams*, 2022 WL 16758479, at *1 (same). So FMIC's objections 1 and 3–8 are overruled.

**B. FMIC objection 2, complaining that the the court addressed the very arguments it lodged in its reconsideration motion, is overruled.**

In objection 2, FMIC complains that the court addressed its defenses of standing, mootness, real party in interest unde Rule 17, compulsory joinder under Rule 19, *res judicata*, champerty and maintenance, and policy assignment. *See* ECF No. 232 at 7–9. FMIC included arguments about those very issues in its motion for reconsideration, *see* ECF No. 189 at 9–13, 17–21, but now complains it was addressed without an "opportunity to be heard." ECF No. 232 at

[5] Attempting to re-ligiate motions is now a pattern for FMIC. *See* Order, ECF No. 235. Future reconsideration motions that merely rehash the same arguments, or attempt to expand or refine previously raised and rejected arguments, will be summarily denied and sanctions may be imposed.

7–9. If it did not want these issues addressed, FMIC should not have raised them in its reconsideration motion. FMIC's dissatisfaction with its own litigation strategy is nonsensical. The R&R's analysis of these arguments is well-reasoned, so FMIC's objection is overruled. I adopt the magistrate judge's findings and accept the R&R in full.

## III. Conclusion

IT IS HEREBY ORDERED that FMIC's objections **[ECF Nos. 232, 233] are overruled**.[6]

IT IS FURTHER ORDERED that the magistrate judge's report and reccomendation **[ECF No. 231 ] is accepted and adopted in full**, so the motion for reconsideration **[ECF Nos. 188, 189] is denied**.

Dated: October 27, 2026

Cristina D. Silva
United States District Judge

[6] FMIC included a section titled "Additional Points" in its objections. "Additonal points" are not objections, so they are not addressed herein.